MORTIMER *et al.* *v.* METROPOLITAN EL. RY. CO. *et al.*

SAME *v.* NEW YORK EL. R. CO. *et al.*

(*Supreme Court, General Term, First Department.*  February 18, 1892.)

1. ELEVATED RAILROADS—INJURIES TO PROPERTY—DAMAGES TO TIME OF TRIAL.
    In an action against an elevated railroad company to enjoin the operation of its road, and to recover damages to property, sustained by reason thereof, plaintiff may recover damages accrued up to time of trial.   *Cornell* v. *Railway Co.*, (Sup.) 13 N. Y. Supp. 512, distinguished.

2. SAME—DAMAGES ACCRUING DURING LEASE.
    The owner of the fee-simple of premises affected by the operation of an elevated railroad may recover for damages accruing while the property was in possession of a tenant.   *Hine* v. *Railroad Co.*, (Sup.) 13 N. Y. Supp. 510, followed.

Appeal from special term, New York county.

Action by William Y. Mortimer and another, executors of Richard Mortimer, deceased, against the New York Elevated Railroad Company and another; also (separate case) against the Metropolitan Elevated Railway Company.   From judgment for plaintiffs in both cases defendants appeal.   Affirmed.   For former reports, see 6 N. Y. Supp. 898; 8 N. Y. Supp. 536; 14 N. Y. Supp. 952.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Davies, Short & Townsend*, (*Edward B. Thomas*, of counsel,) for appellants.   *John W. Pirsson*, (*John E. Parsons* and *John Alex. Beall*, of counsel,) for respondents.

LAWRENCE, J.　The learned justice who tried this case at special term found that the construction and operation of the defendants' railways in front of the plaintiffs' premises, both in the Bowery and Division street, have most seriously impaired the easements of light and air appurtenant to those premises.　In this conclusion, as matter of fact, after examining the evidence, we entirely concur.　It is said, however, that the justice erred in fixing both the past damages and the compensation to be paid by the defendants.　Our review of the evidence convinces us that no such error was committed.　See opinion of PATTERSON, J., at pages 60 and 61, case.　The evidence which was before the trial court was carefully considered, and we see no reason for disturbing the judgment which was reached.　It does not appear that any error was committed in reference to determining the damages to which the plaintiffs were entitled; and the case of *Cornell* v. *Railway Co.*, (Sup.) 13 N. Y. Supp. 512, 513, when examined, does not sustain the appellants' contention.　In that case it was not decided that a plaintiff in an action of this character was not entitled to recover damages up to the time of the trial. There were two inconsistent findings of fact in the case, and as under one of those findings it appeared that damages had been or could have been awarded for a period of more than six years from the commencement of the action, and as the court were of the opinion that the damages were incapable of division or reduction, the judgment in the plaintiff's favor was reversed, and a new trial ordered.　No such question is presented in this case.　The damages here allowed for rental value are for the depreciation between July 28, 1887, and August, 1890,—a period of about three years.　A further point is made that the court below erred in refusing to consider the benefits that had accrued from the construction of the railways, but we find no error in that respect.　The court found as matter of fact that there were no such benefits proven, and therefore refused to find the finding in that respect which was tendered by the defendants, and by that refusal necessarily passed upon that question.　The point that the plaintiffs are not entitled to recover damages for injuries inflicted during the period embraced in the lease has already been passed upon adversely to the appellants in the case of *Hine* v. *Railroad Co.*, (Sup.) 13 N. Y. Supp. 510.　We are therefore of the opinion that each of the cases was properly decided by the special term, and that the judgments there rendered should be affirmed, with costs and disbursements.

All concur.