FRED H. MAURER ET AL., PLAINTIFFS, v. JAMES BROWN, DEFENDANT, AND NEWARK DRIVE-UR-SELF COMPANY, A CORPORATION, APPELLANT.

Submitted January 24, 1930—Decided March 7, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *McCarter & English*.

The opinion of the court was delivered by

PARKER, J. This case arises out of a collision of two automobiles at a street intersection. The plaintiff Fred H. Maurer was driving his own automobile, and the other car, which was the property of the appellant corporation, was driven by the defendant, James Brown. At the trial it appeared without dispute that the defendant was a corporation organized for the purpose of hiring out automobiles by the day, hour or mile to customers desiring to use them, and substantially in the same manner as formerly the proprietor of a livery stable would hire out a horse and carriage to a customer to be driven by him. The hiring in the present case was in writing and the writing was offered and received in evidence. The corporation made it a rule not to rent any car to anyone but a duly licensed driver, holding his license from the commissioner of motor vehicles of this state. Brown was such a licensed driver, exhibited his license and the car was rented to him for his personal use, and while he was so using it the accident occurred. There was a judgment for damages against Brown, of which he does not complain. The corporate defendant showed the above facts and asked for judgment on the ground that as bailor of the car under a contract of hiring it was not liable for the negligence of its bailee; but the trial judge did not take this view of the matter and directed judgment against the corporation as well as against Brown. We think this was clearly erroneous. The settled rule seems to be that at least in the absence of circumstances tending to show negligence of a bailor in renting to an irresponsible bailee, or the like, the bailor of a chattel is not liable for its negligent use by his bailee whereby damages are inflicted on a third party. 6 *C. J.* 1151; *Herlihy* v. *Smith*, 116 *Mass.* 265; *Doran* v. *Thomsen*, 74 *N. J. L.* 445; *S. C.*, 76 *Id.* 754; 38 *C. J.* 94; *Flaherty* v. *Helfont* (*Me.*), 122 *Atl. Rep.* 180; *Groetz* v. *Day* (*N. H.*), 128 *Id.*

334; *Gavin* v. *Cohn,* 5 *N. J. Mis. R.* 296; 136 *Atl. Rep.* 330; *Marshall* v. *Fenton (Conn.),* 142 *Atl. Rep.* 403. In *Rodenburg* v. *Clinton Auto Garage Co.,* 84 *N. J. L.* 545; *affirmed,* 85 *Id.* 729, and in *Doyon* v. *Massoline Motor Car Co.,* 98 *Id.* 540, the element of control and management of the vehicle by the general owner, or his servant, was present, and those cases so far from qualifying the rule tend to emphasize it. There was nothing in the present case to indicate that the automobile was in any sense being used in the owner's business except the preliminary presumption, subject to rebuttal, that arises from the fact of ownership and the further fact that the car is in use. Any such presumption, however, was fully rebutted by the evidence and, consequently, there was no fact question on this point for the determination of the trial court. *Cronecker* v. *Hall,* 92 *Id.* 450.

The judgment for the plaintiff as against the corporate defendant will be reversed and final judgment in favor of said defendant entered in this court with costs as provided by statute. See *Pamph. L.* 1910, *p.* 236; *Comp. Stat., p.* 2016; *Milton* v. *Stell,* 73 *N. J. L.* 261; *Ochs* v. *Public Service Railway Co.,* 80 *Id.* 148, 151; *Schuster* v. *Arena,* 83 *Id.* 79, 81.

Let judgment be entered accordingly.