**Dominic VITRO and United States of America, Plaintiffs,**

v.

**The TOWN OF CARMEL, Defendant.**

**No. 76 CIV. 3160(MP).**

United States District Court,
S. D. New York.

July 18, 1977.

Winnie & Himmelein, New York City by Norman T. Himmelein, New York City, for plaintiffs.

Flood, Conway, Walsh, Stahl & Farrell, New York City by James S. Conway, New York City, for defendant.

## MEMORANDUM

POLLACK, District Judge.

This is a motion to dismiss for lack of subject matter jurisdiction on the alleged ground that there is no diversity of citizenship between the plaintiff and the defendant Town of Carmel, New York. Plaintiff claims that at the time suit was commenced he was a citizen of Arkansas while defendant claims that plaintiff was a citizen of New York. The motion is denied for the reasons appearing hereafter.

The underlying action is for negligence allegedly causing a 1976 automobile accident in Carmel in which plaintiff was crippled. Plaintiff was at the time of the accident a 23 year old soldier stationed at Fort Hamilton in Brooklyn, N. Y. When suit was commenced six months later plaintiff was hospitalized in New York and had been discharged from the army due to physical disability stemming from the accident.

Plaintiff was born in Arkansas. He moved to New York with his family prior to beginning school and completed all of his education (through high school) in New York. Soon after plaintiff's high school graduation in January 1971 his family moved to Arkansas and plaintiff accompanied his parents there. He joined the carpenters' union in Arkansas but was unable to find work. In March 1971 his father found him a construction job in New York, so plaintiff transferred his union affiliation to New York and in April moved into the home of a friend there. Plaintiff lived in the friend's home until his job ended in May 1972.

While in New York plaintiff shared the friend's bedroom and paid the friend's mother $25 a week for room and board. Plaintiff left his belongings except clothes and toilet articles in his parents' home in Arkansas, and he returned there during vacations. When he joined the New York union plaintiff listed as his address the friend's New York home.

Plaintiff returned to his parents' home in Arkansas when his New York job ended, and he acquired an Arkansas driver's license (which expired in 1974). He was unable to find work and collected Arkansas unemployment insurance. In August 1972 plaintiff found work in Florida, changed his union affiliation to Florida, and moved there until April 1973. When plaintiff transferred from the New York to the Florida union the former carried as his address that of his parents' home in Arkansas, and he gave the Florida union a Florida address. While in Florida plaintiff again left many of his belongings other than clothes in Arkansas.

In May 1973 plaintiff returned to Arkansas to enlist in the Army. He took the Armed Forces Qualification Test and an army physical examination in Arkansas. However, he enlisted in New York, four

days after his twenty-first birthday, allegedly because New York enlistees were sent to a preferable site for basic training. Plaintiff enlisted while visiting a sister who lived in New York.

Plaintiff was subsequently assigned to Fort Hamilton and lived there on base until the accident. He again left belongings in Arkansas. While at Fort Hamilton he acquired a New York driver's license, using the address of the sister who lived in New York. He also used the sister's address as his mailing address. While in the army plaintiff returned to Arkansas during vacations.

Plaintiff claims that he has always intended to return to Arkansas. He did, however, file New York tax returns from 1971 through 1973.

■ A person's place of citizenship is his domicile, i. e. "where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." 13 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3612 at 714 (1976). "[A] natural person normally acquires a domicile by residing in a place with an intention to remain there indefinitely." *Id.* at 721. See, e. g., *Kaufman & Broad, Inc. v. Gootrad*, 397 F.Supp. 1054, 1055 (S.D.N.Y.1975).

■ At the time suit was commenced plaintiff was confined to a hospital in New York. Defendant does not contend that this fact makes plaintiff a citizen of New York. Prior to his hospitalization on account of the Carmel accident plaintiff was a serviceman living on base at Fort Hamilton. "A serviceman is presumed not to acquire a new domicile when he is stationed in a place pursuant to orders; he retains the domicile he had at the time of entry into the service." Wright, Miller & Cooper, *supra*, § 3617 at 747. Although this presumption is rebuttable, "[t]he task is a difficult one . . . since it requires the presentation of evidence that will be clear and unequivocal in the face of the serviceman's contrary declarations." *Id.* at 748. Defendant has not presented such clear and unequivocal evidence.

■ The key questions are whether plaintiff acquired an Arkansas domicile when he accompanied his parents upon their move from New York in 1971 and whether his domicile shifted to New York prior to his enlistment in the army. The preponderance of the evidence shows that plaintiff did acquire an Arkansas domicile in 1971. He was physically present at his family's Arkansas home; his joining the Arkansas carpenters' union is a manifestation of an intention to remain there indefinitely; and there is no evidence of an intention to remain in New York.

There is no requirement that plaintiff have stated an intention to stay permanently at the Arkansas location.

Such a requirement would prevent a significant portion of our mobile population from acquiring a new domicile. It is sufficient if the individual intends to remain at the new home for an indefinite period. A so-called "floating intention" to move on or even to return to a former domicile at some undetermined future time will not defeat the acquisition of a new domicile for diversity purposes. Wright, Miller & Cooper, *supra*, § 3613 at 733–34.

The preponderance of the evidence also establishes that plaintiff's domicile did not shift to New York prior to his enlistment in the army. He went to New York from Arkansas solely to pursue an employment opportunity, and "even with a showing that a person is maintaining a new residence of indefinite duration, he may not be held to have changed domicile when he is away from the former home for a limited purpose—for example, . . . to pursue employment . . . ." *Id.* at 730. Plaintiff did not in fact establish a residence of indefinite duration in New York, but instead only shared a bedroom in a friend's parents' home, left part of his personal belongings in Arkansas, and returned to his family's Arkansas home when the job ended. After plaintiff left New York in May 1972 he had no connection whatsoever with this state until his enlistment in the army in May 1973.

Much of defendant's argument seems to be based on the erroneous factual assumption that plaintiff continued to live and work in New York from 1971 until his enlistment. The papers submitted on this motion demonstrate clearly that plaintiff left New York and returned to Arkansas in May 1972 and thereafter lived and worked exclusively in Arkansas and Florida until May 1973.

Accordingly, plaintiff has met the burden of proving diversity of citizenship.

[redacted] Plaintiff has requested an award of costs and attorney fees on the ground that defendant's motion was dilatory and in bad faith. This is unwarranted, particularly in light of the confusing and sometimes inconsistent answers given by plaintiff in his depositions. Defendant has the right to question the existence of subject matter jurisdiction at any time.

Accordingly, defendant's motion to dismiss and plaintiff's request for costs and attorney fees are denied.

So ordered.