**John SANTALY, Plaintiff,**

v.

**The GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Defendant.**

**No. 84 CV 0715.**

United States District Court,
E.D. New York.

Jan. 18, 1985.

Robert A. Flaster, Venezia & Haber, New York City, for plaintiff.

David E. Rehe, Haskins, Hack, Piro & O'Day, P.C., West Orange, N.J., for defendant.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff sues for injuries suffered when he fell off a ladder that was attached to a building occupied by defendant. Jurisdiction rests upon diversity of citizenship. 28 U.S.C. § 1332(a). Defendant has moved to transfer the action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a). For the reasons developed below, defendant's motion is granted.

*Discussion*

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Plaintiff is a citizen of New York. Defendant is a corporation that, for diversity purposes, is a citizen of both Maryland and New Jersey. 28 U.S.C. § 1332(c). Because the defendant does business in New Jersey, and diversity of citizenship exists, it is clear that the action could have been brought in a federal court in New Jersey. *St. Cyr v.*

*Greyhound Lines, Inc.*, 486 F.Supp. 724, 727 (E.D.N.Y.1980).

In deciding whether this action should be transferred, *Kreisner v. Hilton Hotel Corporation*, 468 F.Supp. 176 (E.D.N.Y.1979) is instructive:

> In exercising its discretion on a motion to change venue, a court must weigh the following criteria: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) the costs of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general.

*Id.* at 177 (citations omitted).

Plaintiff's accident occurred in New Jersey. The only witness identified as having first-hand knowledge of the incident resides in New Jersey. Moreover, it appears that New Jersey law will govern this action.

Defendant states that it intends to commence third-party actions against plaintiff's employer and against the owner of the building occupied by defendant. It appears that both parties are subject to the process of either the New York or the New Jersey District Court since the parties can be served within 100 miles of either courthouse. Fed.R.Civ.P. 4(f). *See Coleman v. American Export Isbrandtsen Lines, Inc.*, 405 F.2d 250, 252–53 (2d Cir.1968). The fact that the building owner lacks substantial contact with New York, however, seems to weigh in favor of a transfer of venue to New Jersey.

Although plaintiff's treating physicians maintain their offices in New York, I conclude nonetheless that in the interest of justice, this action should be transferred to the United States District Court for the District of New Jersey. Accordingly, defendant's motion is granted.

SO ORDERED.