**TOWNSEND RABINOWITZ PANTA-LEONI & VALENTE, P.C.,
Plaintiff,**

v.

**HOLLAND INDUSTRIES, INC. and Michael Margolies, Defendants.**

**No. 85 Civ. 5523 (RWS).**

United States District Court,
S.D. New York.

March 28, 1986.

Townsend Rabinowitz Pantaleoni & Valente, P.C., New York City, pro se; Francis V. Imbornone, of counsel.

Wagner McNiff & Dimaio, New York City, for defendants; Arthur Wagner, of counsel.

OPINION

SWEET, District Judge.

Plaintiff Townsend Rabinowitz Pantaleoni & Valente, P.C. ("Townsend"), brought

---

this diversity action to recover a balance allegedly due from defendants Holland Industries, Inc. ("Holland") and Michael Margolies ("Margolies"). Margolies now brings a motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction asserting that no diversity of citizenship exists. For the reasons discussed below, it is not possible to determine .Margolies' domicile. Accordingly, Townsend's motion for further discovery is granted.

Townsend is a New York law firm. Holland is incorporated in Nevada with its main office in Toledo, Ohio. Margolies is Chairman of the Board, Chief Executive Officer and Secretary of Holland. In his supporting affidavit, Margolies states that he maintains a residence in New York, his telephone number is listed in the current Manhattan directory, he is registered to vote in New York, he owns a theatre ticket agency in New York, and that "when I am not travelling I spend most of my time in New York City."

In response, Townsend submitted affidavits by R. Edward Townsend, Jr. Esq. and Francis V. Imbornone. Townsend asserts that it first represented Margolies in March, 1982, and continued to represent him until February, 1985. During these years, the bulk of Townsend's correspondence and telephone communications with Margolies took place with Margolies in Ohio, and the plaintiffs assert that Margolies requested that he be telephoned at his Ohio home on matters of urgency. On two occasions Margolies testified under oath that he lived in Rossford, Ohio. In addition, documents submitted to the Securities Exchange Commission, indicate Margolies' presence in Ohio. Finally, the plaintiffs claim that since margolies is a "full time" employee of Holland in Toledo, Ohio his domicile must also be in that state.

Title 28 of the United States Code § 1332(a)(1) grants district courts jurisdiction over civil matters between "citizens of different states." For diversity purposes, "citizenship" means domicile. *Vitro v. Town of Carmel*, 433 F.Supp. 1110, 1112 (S.D.N.Y.1977). Since the parties do not dispute that Townsend is a New York domiciliary, Margolies' domicile at the commencement of this suit will determine whether diversity exists.

The Supreme Court in *Texas v. Florida*, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817 (1939), articulated a two-part test for determining a party's domicile. "Residence in fact, coupled with the purpose to make the place of residence ones home, are the essential elements of domicile." 306 U.S. at 424, 59 S.Ct. at 576. In *Bache Halsey Stuart, Inc. v. Namm*, 446 F.Supp. 692 (S.D.N.Y.1978), this court followed the same test for determining domicile. "It is well established that domicile entails not only residence in fact, but also intent to make that place of residence one's home." 446 F.Supp. at 694. Of course in this case, the determination of Margolies' domicile depends upon his intent since the affidavits establish the existence of residences in both states. With regard to a party's intent, it is necessary to consider his intent to reside in a state for an "unspecified or indefinite period of time," *Prakash v. American University*, 727 F.2d 1174, 1180 (D.C.Cir.1984), rather than an intent to be in a state at a particular limited period of time.

In deciding whether Margolies' Ohio residence is also his domicile, the court may consider whether it is a permanent residence and whether Ohio is the state with all or most of his business contacts. *Johansen v. Confederation Life Association*, 447 F.2d 175 (2d Cir.1971).

Generally, where a person resides, whether he owns a home or pays rent, and where his family and personal belongings are located are all factors that must be evaluated in determining his intent to remain indefinitely. Also, considerations such as where he exercises his political rights, where he maintains affiliations with religious and social organizations, where he transacts business and financial matters, where he pays personal taxes, and where he obtained a driver's license are all relevant.

*United States v. Scott,* 472 F.Supp. 1073, 1079 (N.D.Ill.1979), *aff'd,* 618 F.2d 109 (7th Cir.1980). No one of these factors can conclusively establish Margolies' domicile. Instead, it is "necessary to examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." *Bache Halsey, supra,* 446 F.Supp. at 694. *See also Texas v. Florida, supra,* 306 U.S. at 425, 59 S.Ct. at 575–76 ("the actual fact as to the place of residence and a person's real attitude and intention with respect to it as disclosed by his entire course of conduct are the controlling factors in ascertaining his domicile").

The facts described above indicate that Margolies has a number of connections with Ohio which would tend to support the conclusion that he is domiciled in that state. Margolies is employed full-time as the Chairman and Chief Executive Officer of Holland Industries, Inc. whose headquarters are in Ohio, and he maintains a personal residence in Ohio. Moreover, Margolies has admitted in documents filed with the SEC and in deposition testimony from another case that his current business and personal residences are in Ohio. However, the fact that Margolies is registered to vote in New York and maintains a residence in that state counters the inferences which would otherwise be drawn. Although a person's voter registration is not a conclusive indication of domicile, *Alexander v. Trustees of Boston University,* 584 F.Supp. 282, 287 (D.Mass.1984), *rev'd on other grounds,* 766 F.2d 630 (1st Cir.1985); *Krasnov v. Dinan,* 465 F.2d 1298, 1302 (3d Cir.1972), it is an important consideration. 1 *Moore's Federal Practice,* ¶ 0.74 [3.3] at 707.63 (1985). *See Syms v. Castleton Industries, Inc.,* 470 F.2d 1078, 1080 (5th Cir.1973); *Elyacher v. Gerel Corp.,* 583 F.Supp. 907, 909 (S.D.N.Y.1984); *see also Webb v. Nolan,* 484 F.2d 1049, 1050 (4th Cir.1973) (J. Winter, dissenting).

In view of these conflicting facts, it is not possible to conclude on the basis of the present record the true domicile of Margolies. Almost no evidence has been adduced from which to infer Margolies' intent to reside indefinitely in either state, in other words, whether his occupation in Ohio is merely temporary and thus plans to return to New York again or whether his connection with Ohio is longstanding and indefinite.

In view of this incomplete record, Townsend's request for discovery on the issue of jurisdiction will be granted. Any such discovery is to be completed in thirty (30) days and further submissions may be made on May 5, 1986, with replies two (2) days later and oral argument, if requested by the parties, on May 9, 1986.

IT IS SO ORDERED.