**Lucy NOREIGA, Plaintiff,**

v.

**LEVER BROS. CO., INC., and John Johnson, Defendants.**

**No. 86 CIV. 6820 (SWK).**

United States District Court, S.D. New York.

Oct. 21, 1987.

103 S.Ct. at 1937 n. 3.

Subin Associates, P.C., New York City, for plaintiff; by Annette Scarano.

Lawlor & Caulfield, New York City, for defendants; by David Heller.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff filed this personal injury suit for damages resulting from an automobile accident with a vehicle driven by defendant Johnson, who was allegedly acting in the course of his employment with defendant Lever Bros. Co., Inc. ("Lever Bros."), a Maine corporation. Plaintiff premises jurisdiction on diversity of citizenship, 28 U.S.C. § 1332. This action is presently before this Court on plaintiff's motion to discontinue the action for lack of subject-matter jurisdiction, and defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12 and 19 or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

### Procedural History

The procedural history of this case demands review. In April, 1985, plaintiff filed a lawsuit identical to the instant action in the Supreme Court for New York County (Index No. 10424–85). The defendants in that action included a third defendant, People Ridesharing System, Inc. ("People Ridesharing"), a New Jersey corporation which leased the vehicle to Lever Bros. In an order dated July 24, 1986, Judge Miller of the New York Supreme Court dismissed the action under the doctrine of *forum non conveniens*, finding that New Jersey had the most significant contacts with the case. The Judge conditioned the dismissal on defendant's agreement to stipulate, within thirty days of publication of the order, to accept service in New Jersey and to waive any statute of limitations defenses which might be available.

On September 4, 1986, plaintiff filed this action in federal court instead of New Jersey state court, and raised the same claims as in the New York state court action. Defendants answered and, in December, 1986, filed a motion to dismiss under Rules 12 and 19 for failure to join an indispensable party who would defeat jurisdiction

and under 28 U.S.C. § 1404 to transfer venue. The parties briefed the Court on issues raised by that motion. While that motion was still pending, plaintiff moved to discontinue the case on the grounds that diversity did not in fact exist. Plaintiff's counsel informed the Court that she had just learned that plaintiff had been a resident of New York continuously since November, 1984. Of most relevance, plaintiff was a resident of New York at the time the federal complaint was filed.

Defendants vehemently oppose plaintiff's desire to discontinue the case, and refused to sign a stipulation of dismissal in March, 1987. Defendants apparently want this case tried, if at all, in New Jersey. And plaintiffs are apparently willing to dismiss the federal action in the hope that they may renew this case in New York state court, their venue of choice. Plaintiffs have actually petitioned Judge Miller of the Supreme Court to reconsider her previous *forum non conveniens* decision in light of the "discovery" that plaintiff in fact lives in New York.

### Plaintiff's Motion to Discontinue

■ Jurisdiction based on diversity of citizenship must be complete such that no plaintiff and no defendant are citizens of the same state. The courts are obliged to construe the diversity requirements narrowly. Citizenship for diversity purposes is equated with domicile, not mere residence. *Vitro v. Carmel*, 433 F.Supp. 1110, 1112 (S.D.N.Y.1977). Domicile is evidenced by the place one lives and one's intention to live there permanently. *See Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Townsend Rabinowitz Pantaleoni & Valente, P.C. v. Holland Industries, Inc.*, 109 F.R.D. 671, 672 (S.D.N.Y.1986). In determining domicile, the Court may look to a variety of objective facts, including where a person resides, whether the person owns or rents, where a person keeps his family and personal belongings, exercises his political rights, maintains political and religious affiliations, transacts business, pays personal taxes and obtains a driver's license. *Town-*

*send, et. al., supra,* 109 F.R.D. at 672 (citation omitted). No single factor is of overriding importance and the court should examine the entire course of a person's conduct in determining domicile. *Id.* at 673 (citations omitted). Since domicile once established remains until a new domicile is established, *see Sadat v. Mertes,* 615 F.2d 1176, 1181 (7th Cir.1980), merely moving from a place of domicile to a new residence in a different state does not effect a change of domicile unless the move is coupled with the intent of changing domicile.

■ The facts indicate that plaintiff was domiciled in New Jersey, and at some point thereafter moved to New York. Plaintiff states that she has lived in New York since 1984, but does not assert that she intended to make New York her permanent residence, nor that she ever intended to surrender her New Jersey citizenship. Nowhere do the facts suggest any "intent" on plaintiff's part to make New York her new state of domicile: she has retained a New Jersey address, driver's license and car registration; her two daughters, who live with her in New York, attend school in New Jersey; she reported New Jersey as her official address on the police report, property damage complaint and hospital records; and, she has not reestablished phone service in New York.

The record before the Court indicates that plaintiff merely resides in New York while retaining her New Jersey citizenship. Simply moving to New York, while maintaining an official status in New Jersey, suggests that plaintiff did not have the requisite intent to establish New York as her place of domicile. Consequently, plaintiff's motion to discontinue the action on the basis that plaintiff's residence in New York destroyed diversity jurisdiction is denied.

### Defendants' Motions

The Court will now consider defendants' original motion to dismiss or transfer the action. Defendants argue that the action should be dismissed pursuant to Rules 12 and 19 for failure to join an indispensable party who, if joined, would defeat diversity jurisdiction. Defendants also argue in the alternative that the action should be transferred to New Jersey pursuant to 28 U.S.C. § 1404 since the accident occurred in New Jersey, since New Jersey law controls this case and since a New York state court would and has transferred this action to New Jersey under New York's *forum non conveniens* law.

### Motion to Dismiss under Rules 12 and 19

The Court first considers the Rule 12 and Rule 19 motion. Rule 19 requires that persons who have protectable interests in an action be joined if feasible. Rule 19(a)(2)(i). Joinder is not feasible when it will defeat jurisdiction, as is the case in this action. If joinder is not feasible, the Court must decide whether the party is "indispensable" such that "in equity and good conscience" the action should not proceed without that party's presence. Rule 19(b). The Rule lists a number of factors to consider in deciding whether a party is indispensable, the most relevant here being the prejudice of a judgment to the absent party. Defendants argue that People Ridesharing is an indispensable party on the grounds that People Ridesharing, as owner of the vehicle which allegedly collided with plaintiff's, would be liable as a matter of law if plaintiff succeeds on the merits and collaterally estopped from challenging the ruling.

■ As a threshold matter, this Court must determine which state's law controls.[1] A federal court sitting in diversity follows the choice of law principles of the forum state. *Reeves v. American Broadcasting Companies, Inc.,* 719 F.2d 602, 605 (2d Cir.1983). Under New York's conflict of law rules, the law of the state with the most significant relationship to the issues should be applied. *Id.* Applying this "interest analysis" test, "the Court should consider, *inter alia,* plaintiff's domicile, defendant's place of business, the location of

---

**1.** Defendants cite both New York and New Jersey law without discussing or suggesting which should apply.

the accident, the place where the misconduct causing the accident occurred, as well as the basic policies underlying the field of law." *Dobelle v. Nat'l Railroad Passenger Corp. (Amtrak),* 628 F.Supp. 1518, 1528 (S.D.N.Y.1986); *see generally Schultz v. Boy Scouts of America,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985).

In this case, the plaintiff is a New Jersey resident, defendants conduct business in New Jersey, the accident occurred in New Jersey, and the negligence allegedly occurred in New Jersey at the time of the accident. The policies of law in this case concern "rules of the road", and thus the road and negligence laws of New Jersey assume most importance. *See Schultz, supra,* 65 N.Y.2d at 198, 491 N.Y.S.2d 90, 480 N.E.2d 679. Since New Jersey has the greatest interest in this litigation, this Court will apply the law of New Jersey.

■ In direct contrast to New York law, New Jersey does not hold the owner/lessor liable for the negligence of third-party lessees or renters. *Schimek v. Gibb Truck Rental Agency,* 69 N.J.Super. 590, 174 A.2d 641 (1961). New Jersey's Safety Responsibility Law, R.S. 45:21–1 *et seq.,* does not change the common law requirement that an agency relationship must exist in order that an owner be liable. *Id.,* 174 A.2d at 644.[2] Under the common law as applied in New Jersey, a bailor is not responsible for the negligence of his bailee, except to the extent of renting to an irresponsible bailee. *Id.* at 642. The only exception to this general rule occurs when the owner delivers through a lease a franchise to the lessee, since New Jersey franchise law holds the original franchise holder responsible. *Zuppa v. Hertz Corp.,* 111 N.J.Super. 419, 268 A.2d 364 (1970). The *Zuppa* court distinguished the franchise situation from the normal situation in which an owner has leased a vehicle. *Id.,* 268 A.2d at 367–68 ("It would be quite a different result if our Legislature imposed direct and absolute liability on the owner of the rented motor vehicles.").

Since there is no evidence that People Ridesharing either leased a franchise to defendant Lever Bros. or had an agency relationship with defendant Johnson, the allegedly negligent driver of the automobile, there is no legal basis for asserting that People Ridesharing is an indispensable party. A judgment in this case would not subject People Ridesharing to res judicata and would not establish People Ridesharing's liability as a matter of law. Since the prejudice to the absent party is minimal, if not nonexistent, People Ridesharing is not an indispensable party. Defendants' motion to dismiss under Rules 12 and 19 is thus denied.[3]

*Motion to Transfer Venue*

■ Defendants move in the alternative to transfer venue to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Venue, according to the requirements of 28 U.S.C. § 1391(a), exists in a judicial district in which all plaintiffs reside, all defendants reside, or in which the claim arose. The decision to transfer lies within the Court's discretion. Since plaintiff resides in the Southern District of New York and the

---

**2.** Defendants incorrectly assume and state that this New Jersey statute has the same effect as § 388 of New York's Vehicle and Traffic Law which indeed creates absolute liability for the owner of a vehicle.

**3.** In a case with facts quite similar to the one before this Court, Judge Sofaer applied New York law and dismissed the case under Rule 19(b). *Caldararo v. Au,* 570 F.Supp. 39 (S.D.N. Y.1983). That Court reasoned that the owner of the vehicle was an indispensable party because New York Vehicle and Traffic Law § 388 "establishes liability for owners [of vehicles involved

in accidents], irrespective of a finding of agency ..." *Id.* at 41. Since collateral estoppel would prevent the car's owner from challenging issues decided in the litigation, and since such issues could create liability for the owner, the Court decided the owner was indispensable. *Id.* The *Caldararo* Court noted that the New York "statutory imposition of liability is in derogation of the common law." *Id.* Consequently, this reasoning does not apply to the case before this Court since New Jersey's statute does not alter common law rules of liability.

accident occurred in New Jersey, venue is proper in either the Southern District of New York or the District of New Jersey. The question before the Court, therefore, is whether the venue in the Southern District should be transferred to the District of New Jersey in the interest of justice for the convenience of the parties and witnesses.

■ The moving party, here the defendants, has the burden of proving by clear and convincing evidence that "the balance of convenience weighs strongly in favor of the transferee court ..." (citations omitted). *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 759 (S.D.N.Y.1980); *see also Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The relevant factors of inquiry include:

> the convenience to the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice.

*Vassallo, supra,* 495 F.Supp. at 759 (citation omitted).

The defendants argue that venue should be transferred to New Jersey because: (1) the accident occurred in New Jersey; (2) New Jersey's substantive law applies; (3) plaintiff resides in New Jersey; (4) the automobiles in the accident were registered in New Jersey; (5) the New Jersey police, who investigated the accident, are not subject to compulsory service in New York; and (6) a New York state court previously dismissed this action under the *forum non conveniens* doctrine. Plaintiff argues that the motion to transfer should be denied because: (1) defendant Johnson is a New York resident; (2) defendant Lever Bros. has its principal place of business in New York; and (3) plaintiff wishes to call two New York witnesses who would not be able to appear in a New Jersey court because of time constraints.

■ Defendants have failed to meet their burden of proof for a number of reasons. First, the decision of the state court has no res judicata effect on this Court. *Parsons v. Chesapeake & O.R. Co.,* 375 U.S. 71, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963) (state court decision to dismiss on *forum non conveniens* grounds has no binding res judicata effect on federal district court). While this Court should respect the decisions of New York state courts, even in *forum non conveniens* motions, *see Chance v. E.I. DuPont,* 371 F.Supp. 439, 449–50 (E.D.N.Y.1974), this Court is not bound by such decisions and chooses to reach a contrary decision for the reasons stated herein.[4]

■ Second, the moving party "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors Etc., Inc., supra,* 579 F.2d at 218. Defendants have not named a single witness whom they wish to call, let alone any whom would be inconvenienced by trial in New York. Defendants do state that the New Jersey police could not be subpoenaed to appear in New York; assuming *arguendo* this statement is true, defendants only state they or plaintiff *may* want to call the police officer as a witness. Such inconclusive statements do not satisfy the legal standard set forth by the Second Circuit. In contrast, plaintiff names at least two New York witnesses who would be inconvenienced by a transfer to New Jersey. Defendants have thus failed to meet their burden of proof.

■ Third, the fact that New Jersey law applies and that the accident occurred in New Jersey are only two of many factors, and are not more significant than convenience to parties and witnesses. *Accord, Vassallo, supra,* 495 F.Supp. at 760 ("The fact that the law of another jurisdiction

---

4. It is also quite significant that the New York state court was under the mistaken impression, because of plaintiff's misstatements, that plaintiff was a New Jersey resident when it reached its decision.

governs the outcome of the case is a factor accorded little weight on a motion to transfer" especially when no complex issues of foreign law are at stake). Defendants note that in a case with facts similar to those before this Court, Judge McLaughlin of the Eastern District of New York granted a motion to transfer to the New Jersey district. *Santaly v. Great Atlantic and Pacific Tea Co.*, 600 F.Supp. 825 (E.D.N.Y. 1985). That Court noted, however, that the only witness with first-hand knowledge of the incident resided in New Jersey. *Id.* at 826. Defendants have not pointed to any such witness in New Jersey or elsewhere. The convenience of witnesses and parties are, in short, more significant in a motion to transfer than is which state's law governs the case. While the location of the accident is significant in the abstract, defendants have not proven, as is their burden, that the fact of the accident occurring in New Jersey makes it inconvenient to try the case in New York.

■ Fourth, this Court must give some weight to plaintiff's choice of forum, although that weight is not as significant as it once was, *see Vassallo, supra,* 495 F.Supp. at 759, *citing Norwood v. Kilpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955), and is reduced in this case since the operative facts do not have any material connection to the forum chosen, *Credit Alliance v. Nationwide Mutual Ins. Co.*, 433 F.Supp. 688, 689 (S.D.N.Y. 1977). When the factors of plaintiff's choice of forum and convenience to plaintiff's witnesses are weighed against defendants' failure to assert any hardship to itself or witnesses, the defendants have not met their burden.

This conclusion accords with Judge Ward's decision in *Vassallo, supra.* In that case, the Court denied defendants' motion to transfer in a case brought by a New York resident against two non-resident defendants concerning an accident which occurred in Georgia. Defendants' failure to identify the nonparty witnesses who would be called at trial proved significant, even though the Court acknowledged that any Georgia witnesses would not be subject to

process in New York if the case were not transferred. *Id.,* 495 F.Supp. at 760. Defendants' failure to prove as a practical matter that the evidence available in Georgia, such as police and hospital records, was not available in New York, or to prove that other evidence was not accessible, was also significant.

Since defendants have not satisfied their burden of proving that transfer to the District of New Jersey would be more convenient to the parties or to witnesses, or that evidence would be significantly more accessible in New Jersey, defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

SO ORDERED.