**James O'NEILL, Plaintiff,**

**v.**

**STANWOOD CORPORATION and Checkout Corporation, Defendants.**

**No. 83 Civ. 8330 (JFK).**

United States District Court, S.D. New York.

Jan. 24, 1984.

Feder, Kaszovitz, Isaacson, Weber & Skala, New York City (Amos Alter, New York City, of counsel), for plaintiff.

Ford, Marrin, Esposito & Witmeyer, New York City (Victor Gleser, New York City, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

Defendants move, pursuant to Title 28, section 1404(a) of the United States Code, for an order transferring this action to the United States District Court for the Western District of North Carolina, where a second suit between the parties is pending. Alternatively, defendants move for an order requiring plaintiff to file a more definite statement pursuant to rule 12(e) of the Federal Rules of Civil Procedure. For the reasons stated hereafter, the motion for a transfer is granted. Because this case is being transferred to the Western District of North Carolina, there is no need to consider defendants' motion for a more definite statement.

This dispute arises out of the following set of facts.

On March 28, 1980, plaintiff and Roy Sciacca ("Sciacca"), both residents of California at the time, entered into a commission sales agreement with defendant Stanwood Corporation ("Stanwood"), a North Carolina corporation with its principal place of business in North Carolina. By subsequent amendment and assignment, defendants Checkout Corporation ("Checkout"), a wholly owned subsidiary of Stanwood, and Supam, Inc. ("Supam"), a corporation owned and controlled by O'Neill and Sciacca, became parties to the commission sales agreement.

On August 25, 1983 the parties to the commission sales agreement entered into a written agreement for its termination. The termination agreement provides that O'Neill, Sciacca and Supam should be paid commissions in an amount to be determined by the accounting firm of Ernst & Whinney by an audit of Checkout's financial condition. The termination agreement further provides, as did the commission sales agreement, that it shall be governed by and construed in accordance with the substantive law of North Carolina.

On or about November 7, 1983, Ernst & Whinney mailed a preliminary draft of the audit results to the parties. That report indicated that O'Neill, Sciacca and Supam owed money to defendants.

On November 14, 1983, Sciacca and Supam, by written assignments, assigned their rights under the two aforementioned agreements to O'Neill.

On November 15, 1983, plaintiff, now a New York resident, filed this suit seeking damages in an amount in excess of $500,-000 for defendants' failure to pay commissions allegedly owed to plaintiff and his assignors pursuant to the March, 1980 and August, 1983 agreements.

On November 22, 1983, one day after service of the complaint in the instant suit was effected, defendants filed an action in North Carolina Superior Court against plaintiff herein and his assignors. The North Carolina suit asserts claims arising out of the same two agreements that form the basis of the instant suit. That action has been removed to federal court in the Western District of North Carolina by reason of diversity.

Defendants contend that the allegations of the complaint in the instant suit concern North Carolina defendants, concern numerous documents located in North Carolina, are governed by North Carolina law and require the testimony of nonparty witnesses who reside in North Carolina. It is defendants' position that the transfer of this case will further the interests of the parties, witnesses and the public in avoiding undue expense and inconvenience.

## Discussion

Title 28, section 1404(a) of the United States Code provides that:

For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Since both defendants are residents of the Western District of North Carolina and plaintiff is not a North Carolina resident, this action is transferable to the Western District of North Carolina.

■■■ Defendants bear the burden of proving that plaintiff's choice of forum should be disturbed. *Factors etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978). The factors which may be considered in determining whether the discretionary transfer of a case to another district is warranted include:

the convenience to the parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice.

*Y4 Design, Ltd. v. Regensteiner Pub. Enterprises*, 428 F.Supp. 1067, 1068–69 (S.D. N.Y.1977).

■■ The agreements which underly this dispute specify that they are governed by North Carolina law. Choice of law, although relevant, is by no means dispositive of a motion to transfer, especially where as here, no complex issues of foreign law are presented and the outcome of the case may well turn on factual rather than legal issues. Certainly, this Court is capable of fairly applying the law of its sister state in the event that such law governs.

A case should be tried where it can be done most easily, expeditiously and inexpensively. This must be determined on a case by case basis. Plaintiff urges that New York is as convenient a forum to him as North Carolina is to the defendants. I find no indication of forum shopping or any other impropriety in plaintiff's choice of this forum. However, with the exception of plaintiff's current residence, everything about this case suggests that North Carolina would be a far more convenient forum.

■■ The outcome of this case will most likely turn on factual issues. Numerous documents are relevant to the determination of such issues. Of these, apparently the most important are defendants' financial records. They are located in defendants' North Carolina offices and in the Charlotte office of Ernst & Whinney. The expense involved in transporting such documents to New York weighs in favor of a North Carolina forum.

The testimony of those officers of defendant corporations who have personal knowledge of the negotiation of the termination agreement and of defendants' finances will be required for resolution of this matter. This court recognizes the burden imposed upon defendants if their officers must take time off from work and travel to this forum. Likewise, I recognize that plaintiff is a businessman who may find it inconvenient to leave New York. The balance of convenience to the parties, however, weighs in favor of defendants.

In addition to that of the parties, testimony of a number of non-party witnesses will be helpful to resolution of the factual issues. It appears that most crucial will be the testimony of the accountants who prepared the audit which immediately precipitated this lawsuit. Seven such individuals have been specifically identified by defendants, as required by the Second Circuit in *Factors, etc., Inc. v. Pro Arts, Inc*, 579 F.2d 215, 218 (2d Cir.1978). Those individuals all reside in the Charlotte vicinity. Live testimony is preferable to introduction of depositions. It is beyond the subpoena power of this Court to compel the named non-party witnesses to travel to New York to testify. Rule 45(e)(1), Fed.R.Civ.P. Even if it were within this Court's power to compel attendance from North Carolina of non-party witnesses, to do so would clearly inconvenience them, in addition to causing undue delay and expense. While plaintiff

submits that New York is a more convenient forum for his witnesses, he has not identified all such witnesses or demonstrated that trial in North Carolina will be any more inconvenient to them than trial in this forum.

In summary, management and disposition of this case in the Western District of North Carolina involves considerably fewer financial, practical and legal obstacles then in this forum. Accordingly, for the convenience of the parties and identified non-party witnesses, and in the interests of justice, defendants' motion for an order transferring this case to the Western District of North Carolina is hereby granted.

SO ORDERED.