TOWN OF WARWICK, NEW YORK; Eugene Levy; Jared C. Bark; Paul De Coste; Warwick Against Radioactive Dump; Township of Montclair; Dorothy Tascoe; Harriette Nash; Township of West Orange and Hollis Reaves, Plaintiffs,

v.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION and Richard T. Dewling, as Commissioner of the New Jersey Department of Environmental Protection, Defendants.

No. 86 Civ. 5667 (JFK).

United States District Court,
S.D. New York.

Nov. 7, 1986.

Sive, Paget & Riesel, P.C., New York City, for plaintiffs; David Sive, of counsel.

W. Cary Edwards, Atty. Gen. of New Jersey, Trenton, N.J., for defendants; Richard F. Engel, Deputy Atty. Gen., of counsel.

KEENAN, District Judge:

## FACTS

This case concerns an environmental hazard posing a grave health risk. At issue is the emission of radon gas from soil surrounding homes in the New Jersey towns of Montclair, Glen Ridge and West Orange. The New Jersey Department of Environmental Protection ("DEP") became aware of these emissions in late 1983. After obtaining an $8 million appropriation from the New Jersey Legislature, the DEP undertook remedial efforts that involved excavating the soil, drumming it, and then having it disposed of. The action currently before the Court arises out of this clean-up program.

On July 8, 1986, the DEP announced it would ship 14,500 steel barrels of soil contaminated with radioactive radium to a site in Vernon, New Jersey. This location is roughly one and half miles from the New York/New Jersey border, and the Town of Warwick, New York, a plaintiff in the case. The site is on porous soil, and is over an aquifer that supplies water to the Town of Warwick.[1]

Plaintiffs instituted this action on July 21, 1986 seeking preliminary and permanent injunctive relief that would prevent the defendants from transporting and dumping the soil to the site in Vernon, New Jersey. On July 25, 1986, a virtually identical action was commenced against the DEP by the County of Orange, New York, in the United States District Court for the District of New Jersey, Trenton Division. The Town of Warwick is located within Orange County. Before this Court is defendants' motion to transfer this case to the United States District Court in Trenton, pursuant to 28 U.S.C. § 1404(a), or in the alternative, to stay any action in this case pending the outcome of a New Jersey state court action dealing with the same subject.

## DISCUSSION

### I. *Change of Venue*

There are several factors to be considered when addressing a motion to change venue under section 1404(a).[2] These include the convenience of the parties and witnesses, the relative ease of access to the sources of proof, the availability of process to compel attendance of unwilling witnesses, considerations of trial efficiency and the furtherance of the interests of justice. *See O'Neill v. Stanwood Corp.*, 577 F.Supp. 1001, 1003 (S.D.N.Y. 1984) (quoting *Y4 Design, Ltd. v. Regensteiner Pub. Enterprises*, 428 F.Supp. 1067, 1068–69 (S.D.N.Y.1977)). In addition, considerable weight should be given to the plaintiffs' choice of forum. *See Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir.1966). Before a section 1404(a) motion is granted, the moving party must make a clear showing that transfer is appropriate. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The defendants in this case have failed to meet this burden, and

---

1. The plaintiff Town of Warwick is a municipal corporation operating under the laws of New York State. Plaintiff Eugene Levy is the New York State Senator for the Town of Warwick. Plaintiff Jared C. Bark is a Warwick resident and obtains water from the aquifer underlying the site. Plaintiff Paul De Coste lives in Vernon, New Jersey, the location of the dumpsite. Plaintiff Warwick Against Radioactive Dump is an unincorporated association consisting of Warwick residents who draw water from the aquifer beneath the site.

2. Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

therefore, the motion to change venue is denied.

◼ The plaintiffs' lawsuit has been brought pursuant to the Resource Conservation and Recovery Act, 42 U.S.C.A. § 6972 (1982 & 1986 Supp.), which contains its own venue provision. The Act provides that an action "shall be brought in the district court in which the alleged violation occurred or the alleged endangerment may occur." 42 U.S.C.A. § 6972(a) (1986 Supp.). The alleged endangerment in this case is the possibility of the radium in the transported soil making its way into the aquifer which supplies water to Warwick. Thus, venue is proper in the Southern District. The issue then becomes whether venue would clearly be more appropriate in the District of New Jersey, Trenton Division.

◼ When weighing the relevant factors pertinent to a section 1404(a) motion, no single factor is predominant. Instead, all of the factors should be seriously scrutinized. A balancing of the considerations in this case reveals that venue is as proper in this district, as in the District of New Jersey.

All but one of the original plaintiffs reside within the Southern District of New York; the non-resident plaintiff assists in the maintenance of a hiking trial within the district.[3] The defendant's principal office is in Trenton, New Jersey. While the defendant would be required to travel approximately 70 miles to New York, the plaintiffs, on the other hand, would be forced to travel approximately 80 miles to Trenton, if the case were transferred there, and roughly 50 miles if the case remains here. Thus, there is no reason to believe that Trenton is a greatly more convenient forum based on the location of the parties. Similarly, the location of witnesses does not point to Trenton as a more appropriate forum. This circuit requires that a party moving under section 1404(a) based on the convenience of witnesses "clearly specify the key witnesses to be called and must make a

general statement of what their testimony will cover." *Pro Arts*, 579 F.2d at 218. The defendants have failed to satisfy this requirement stating vaguely in their brief that the Commissioner of the DEP might be called as a witness. *See* Defendants' Br. at 14. No mention is made of what subjects the Commissioner's testimony would cover. Defendants have failed to show how witnesses would be greatly inconvenienced by this Court retaining jurisdiction.

The defendants' contentions regarding access to sources of proof are equally unpersuasive. They claim that numerous documents will be relied on, and that these documents are located in Trenton. Yet, there is no reason why copies of these documents could not be made for use in the Southern District.

However, of great concern to the Court is the possibility of duplicative litigation and the waste of judicial resources. On July 25, 1986, four days after the instant case was filed, the County of Orange instituted a similar suit in the United States District Court for the District of New Jersey, Trenton Division. As the Supreme Court has wisely stated, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers." *Continental Grain Co. v. The Barge FBL and Federal Barge Lines, Inc.*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). This Court is extremely sensitive to the judicial risks caused by the pendency of two very similar actions in two different districts. Although the best approach for the parties and the courts would be consolidation pursuant to Federal Rule of Civil Procedure 42(a), that rule is inapplicable when cases are pending in different dis-

---

**3.** On August 15, 1986, this Court permitted the Township of Montclair, Dorothy Tascoe, Harriette Nash, the Township of West Orange and

Hollis Reaves to intervene in the action as plaintiffs.

tricts. *See* Wright & Miller, Federal Practice and Procedure: Civil § 2382 at 257 (1971).

Clearly, these two cases could be consolidated. The first step, however, is their presence in the same district. The records from the United States District Court for the District of New Jersey indicate that neither a section 1404(a) decision has been issued, nor that any such motion has been made. While this Court obviously expresses no view as to whether a section 1404(a) motion is appropriate in the federal case in Trenton, this Court declines to deviate from the Second Circuit's view that "as a matter of sound judicial administration the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action.'" *See William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). As set forth above, the defendants have failed to show how the balance of convenience favors a transfer to the federal district court in Trenton where the related case is pending.

## II. *Stay of the Federal Court Proceeding*

Defendants have also requested that if the Court denies the change of venue motion, this proceeding be stayed pending the outcome of similar proceedings in the New Jersey state courts. On June 20, 1986, Vernon Township and Sussex County filed suit in the Chancery Division, Sussex County, challenging the DEP's decision to transport, store and blend the contaminated soil. That matter was then transferred to the New Jersey Appellate Division. In July, that court issued an order permitting the defendants to transport 4,500 drums to the Vernon site. The defendants were prohibited from taking any other actions involving the soil.

█ The defendants point out, quite properly, that this Court has the power to stay these proceedings pending the resolution of the state court case. Indeed, the Second Circuit has stated that "a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." *Guilini v. Blessing*, 654 F.2d 189, 193 (2d Cir.1981). This notion of district court discretion to defer to state court proceedings is well settled within this Circuit. *See Clarkson Co. v. Shaheen*, 544 F.2d 624, 629 (2d Cir.1976); *Simmons v. Wetherell*, 472 F.2d 509, 512 (2d Cir.), *cert. denied*, 412 U.S. 940, 93 S.Ct. 2777, 37 L.Ed.2d 399 (1973); *Klein v. Walston & Co.*, 432 F.2d 936, 937 (2d Cir.1970) (per curiam). The Supreme Court, however, has warned that federal courts should be cautious in failing to exercise their jurisdiction. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976), the Court remarked that "the mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction."

█ This teaching has particular relevance in the present case. While there would be a certain amount of duplication of efforts and conflicting results if the state case and the federal litigation were to proceed simultaneously, countervailing considerations dictate that this Court not stay the federal suit. The plaintiffs here bring their action under the Resource Conservation and Recovery Act ("RCRA"), a statute that expressly provides the federal courts with jurisdiction over these types of disputes. The claim under the RCRA should be heard in this Court if important federal rights are to be adjudicated. Thus, although the factual issues raised in the state and the federal proceedings might be identical, the legal issues are somewhat different. In addition, the action in the New Jersey state court is in the nature of a review of an administrative action which has different presumptions and standards than would be present in the federal action.

## CONCLUSION

The defendants motion to change venue as provided for in 28 U.S.C. § 1404(a) is

denied due to the defendants' failure to make a clear showing that transfer is appropriate. In addition, because of the important federal rights at stake in this case, as well as the differing nature of the state case, defendants' motion to stay the federal suit pending the outcome of the state court action is denied.

The attorneys for the parties are directed to appear for a status conference in Courtroom 35 of the United States District Court for the Southern District of New York on December 8, 1986 at 10:00 A.M.

SO ORDERED.