Michael I. RACKMAN, Plaintiff,

v.

TEXAS INSTRUMENTS, INC., Defendant.

No. 88 Civ. 6822 (RWS).

United States District Court, S.D. New York.

May 23, 1989.

Gottlieb, Rackman & Reisman, P.C., New York City (Allen I. Rubenstein, of counsel), for plaintiff.

Gordon Hurwitz Butowsky Weitzen Shalov & Wein, New York City (Lawrence J. Zweifach), and Baker, Mills & Glast, P.C., Dallas, Tex. (Jerry R. Selinger, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Defendant Texas Instruments, Inc. ("Texas Instruments") has moved to transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

### The Parties

Texas Instruments is a Delaware corporation that designs and manufactures integrated circuits (the "Circuits") at its facility in Dallas, Texas, and markets them from sales offices throughout the country, including one located in Poughkeepsie, New York. Poughkeepsie is within the Southern District of New York.

Plaintiff Michael I. Rackman ("Rackman"), who lives and works in New York City, made the patented inventions at issue here. Rackman is a patent attorney who holds undergraduate and masters degrees in electrical engineering from Columbia University. Rackman is representing himself in this case, with the assistance of his law firm, Gottlieb, Rackman & Reisman, P.C. Prior to making the inventions at issue, Rackman worked for Bell Laboratories as a patent attorney specializing in electronics patent prosecution.

### The Facts

On May 19, 1970, Rackman obtained patent number 3,513,258 (the "258 patent") on the "Electroluminescent Television System," and that patent expired on May 18, 1987. On February 13, 1973, Rackman obtained patent number 3,716,658 (the "658 patent") (together with the 258 patent, the "patents") on the "Liquid–Crystal Television Display System," and that patent expired on May 18, 1987. Rackman claims he made the patented inventions in New York City and relied upon information he obtained in New York to do so. This is the first lawsuit in which Rackman has asserted any of the patents he holds.

A team of Texas Instruments engineers, headed by Tom Engibous ("Engibous"), designed and developed the Circuits at Texas Instruments's Dallas facility. The Circuits are marketed for inclusion in various products, including drive printers and displays.

Rackman contends that several of the Circuits infringe the patents. Texas Instruments denies the alleged infringement and questions the validity of Rackman's patents.

Texas Instruments allegedly sold $600 worth of the Circuits in 1984 and $1200 worth in 1985 from its Poughkeepsie sales office. The company characterizes these sales as "de minimis." Texas Instruments Mem. at 3. Texas Instruments also maintains a sales office in New York City, but denies selling Circuits from that location.

Rackman's law firm has assisted him in prosecuting this case, and he alleges that the expense involved and the difficulty of finding counsel familiar with the technology at issue would compel him to proceed without Texas counsel if the case were transferred to Texas.

### Change of Venue Under § 1406(a)

28 U.S.C. § 1400(b) defines venue for patent cases: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Texas Instruments argues that Rackman improperly filed this action in the Southern District because, although the company maintains regular and established places of business in Poughkeepsie and New York City, it committed at most "de minimis" acts of infringement here. It seeks to dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or

district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Texas Instruments has failed to establish that venue is improper in the Southern District. It offers no support for its contention that 28 U.S.C. § 1400(b) requires more than "de minimis" infringement. Moreover, Texas Instruments has conceded alleged infringing sales amounting to only $1800, but further proceedings in this action may reveal more extensive infringement.

*Change of Venue Under § 1404(a)*

■ 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that there should be a change of venue. *See Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Troyer v. Karcagi,* 488 F.Supp. 1200, 1207 (S.D.N.Y. 1980).

That burden is heavy: "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *see also Ayers v. Arabian Amer. Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y.1983) (" '[a]bsent a clear and convincing showing' that the balance of convenience favors the ultimate forum, discretionary transfers are not favored").

Several factors determine whether the defendant has met its burden on a motion to change venue. These include (a) plaintiff's choice of forum; (b) convenience of the parties; (c) convenience of the witnesses; (d) the relative ease of access to the sources of proof; (e) the availability of process to compel attendance of unwilling witnesses; (f) consideration of trial cost and efficiency; and (g) furtherance of the interest of justice. *See Town of Warwick v. New Jersey Dep't of Environmental Protection,* 647 F.Supp. 1322, 1323 (S.D.N. Y.1986); *O'Neill v. Stanwood Corp.,* 577

F.Supp. 1001, 1003 (S.D.N.Y.1984); *Berg v. First Amer. Bankshares, Inc.,* 576 F.Supp. 1239, 1241 (S.D.N.Y.1983). Applying these factors here reveals that Texas Instruments has failed to meet its burden of justifying a change of venue.

Rackman has chosen the Southern District of New York as the forum, but Texas Instruments would prefer to defend the action in Texas.

The convenience of the parties favors neither Texas nor New York. Rackman lives and works in New York City and his counsel is located here. Texas Instruments designed and manufactured the Circuits at its facility in Texas.

The convenience of the witnesses does not weigh heavily in either side's favor. Texas Instruments argues that Texas is a more convenient forum for its witnesses. Engibous, who headed the group that designed and developed the Circuits, currently resides in Dallas where he works as Vice President of the Linear Products Division in Texas Instruments's Semiconductor Components Group (the "Division"). Texas Instruments has identified Stephen L. Sutton, Branch Manager of the Division, as a person who knows about sales and technical information concerning the Circuits, as well as about their design and development. Sutton lives in Garland, Texas and works in Dallas. Texas Instruments maintains its circuit sales records in Dallas, under the supervision of George Milton Hogan, Jr., the Division's marketing manager, who lives in Plano, Texas and works in Dallas. Rackman offered at oral argument, however, to travel to Texas to depose the witnesses Texas Instruments identified in its moving papers.

Moreover, several potential witnesses reside in New York. One of the issues in the case involves the validity of Rackman's patents, which Texas Instruments has questioned. *See* Answer ¶ 9. Validity will require an inquiry into Rackman's work as well as that of others working in the field prior to Rackman's inventions. Rackman, an experienced patent attorney, contends that the validity issue will consume substantial discovery and trial time. Because Rackman made the inventions in New York

City, most of the validity evidence arises here.

On the infringement question itself, expert testimony will be important for learning how the Circuits work and for describing the systems in which they are used. Texas Instruments has not identified its expert, but Rackman contends that his expert will be from the "Northeast area."

Documentary evidence is located in both New York and Texas. Texas Instruments contends that all the documents related to the design, manufacture, and sale of the Circuits are located in Texas. Documents relating to the patents' validity, however, are situated in New York, and Rackman suggests that he may be able to prosecute the case using summary information rather than the voluminous sales records located in Texas.

The availability of process to compel witnesses to testify does not favor Texas over New York. Texas Instruments has identified no nonparty witnesses residing in Texas—all the witnesses it has named currently work for the company in Texas.

The interest of justice tilts, almost imperceptively, to favor Rackman. Rackman's law firm has assisted him in prosecuting this case, and he alleges that he would proceed without Texas counsel if it were transferred to Texas. Rackman will incur additional costs associated with presenting his fact and expert witnesses in Texas, a fact that affects him significantly as an individual proceeding against a large corporation.

Texas Instruments has failed to meet its burden of establishing that a balance of these factors favors disturbing Rackman's choice of forum and transferring the case to Texas.

*Conclusion*

For the reasons set forth above, Texas Instruments's motion to change venue is denied.

It is so ordered.