Edgar DE JESUS, pursuant to the Federal Employers' Liability Act, 45 U.S.C. Section 51 et seq., Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.

No. 89 Civ. 6212 (MGC).

United States District Court, S.D. New York.

Nov. 30, 1989.

---

Elkind, Flynn & Maurer, P.C. by Ira M. Maurer, New York City, for plaintiff.

Siff, Rosen & Parker, P.C. by Mark S. Landman, Ann Marie Forte, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

This action arises under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. Defendant has moved pursuant to 28 U.S.C. § 1404(a) for an order transferring the action to the District Court of New Jersey.

Plaintiff is a New Jersey resident who is employed by defendant in New Jersey. The accident occurred in New Jersey. Plaintiff was treated at a New Jersey medical center. All of plaintiff's physicians practice in New Jersey. The eyewitness to the accident is a New Jersey resident. Plaintiff's supervisor, who accompanied him to the medical center, is also a New Jersey resident. The only connection this lawsuit has with New York is that the defendant is doing business in New York, as it is in New Jersey.

28 U.S.C. § 1404(a) provides that:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Plaintiff opposes transfer. In support of his position, plaintiff contends that his choice of forum should be respected. He argues that by giving an injured railroad worker the right to sue a railroad wherever it is doing business, the FELA places an especially heavy burden on a defendant seeking transfer of an FELA case. Plaintiff also contends that transfer from New York to New Jersey is not appropriate because the two are so close to each other that one is no more convenient than the other. Finally, plaintiff contends that the relative docket conditions of the Southern District of New York and the District of New Jersey militate against transfer.

A plaintiff's choice of forum is entitled to substantial weight. *A. Olinick & Sons v. Dempster Bros. Inc.*, 365 F.2d 439, 444 (2d Cir.1966). But when a plaintiff chooses a forum that is not his residence, that weight is diminished. *Alexander & Alexander v. Donald F. Muldoon & Co.*, 685 F.Supp 346, 349 (S.D.N.Y.1988). Here, non-resident plaintiff's choice of forum is clearly outweighed by the convenience of the parties and witnesses.

Plaintiff's argument that the FELA venue provision should be interpreted as a mandate to accord plaintiff's forum choice exceptional weight is without merit. According to the Reviser's Notes to Section 1404, Section 1404(a) was drafted, in part, to provide a mechanism for the transfer of FELA cases brought under FELA's broad venue provision in inconvenient forums. 28 U.S.C. § 1404 revisor's note (1948).

It is true that this court sits approximately ten miles from Newark, New Jersey as the crow flies. However, people do not travel as the crow flies and it is less time-consuming and more convenient for all the witnesses and parties in this case to travel

to Newark than to New York City. In addition, the proximity of New York to New Jersey does not alter the fact that this case has no significant connection with this forum, while it has substantial connection with New Jersey.

Finally, plaintiff asserts that the relative docket conditions of the Southern District of New York and the District of New Jersey are such that his case will be reached for trial sooner here than in New Jersey. Therefore, plaintiff argues, the interest of justice will not be promoted by transfer to New Jersey. Plaintiff has submitted statistics that show that the District of New Jersey is overburdened. Defendant has submitted statistics that show that the docket crowding in this district may be even greater. While a large difference in docket conditions may be an appropriate factor to consider in deciding a 1404(a) transfer motion, *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d at 445, in this case there is no such showing. Docket comparison does not weigh against transfer.

It is undisputed that venue is proper in the District of New Jersey. Since New Jersey is a more convenient forum for the parties and the witnesses, it is in the interest of justice that this case be transferred. Therefore, pursuant to 28 U.S.C. 1404(a), this case is transferred to the District of New Jersey.

SO ORDERED.