Erika SCHWARTZ and Herbert
Schwartz, Plaintiffs,

v.

R.H. MACY'S, INC., Defendant.

MACY'S NORTHEAST, s/h/a
R.H. Macy's, Inc., Third–
Party Plaintiff,

v.

UNITED STATES MAINTENANCE
CORPORATION, Third–Party
Defendant.

No. 91 Civ. 376 (SWK).

United States District Court,
S.D. New York.

May 19, 1992.

Harry H. Lipsig & Partners by Joel B. Savit, New York City, for plaintiffs.

Morris & Duffy by John E. Morris, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this personal injury action,[1] defendant R.H. Macy's, Inc. ("Macy's) moves to transfer venue to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[2]

▆▆▆▆ A motion to transfer pursuant to this section rests with the sound discretion of the court. *Glass v. Coughlin*, 1991 WL 102619, at *2, 1991 U.S.Dist. LEXIS 7278,

---

1. This action arises from a slip and fall in a Macy's department store in Rockaway Town Square, New Jersey.

2. The parties do not dispute that this litigation might have been brought in New Jersey.

at *5 (S.D.N.Y.1991) (citing *Heller Financial, Inc. v. Midwhey Powder Company, Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989)). In considering such a motion, however, the plaintiff's choice of forum should not be disturbed by the Court unless the following criteria weighs strongly in defendant's favor: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel unwilling witnesses; (4) the cost of obtaining witnesses; (5) access to sources of proof; (6) calendar congestion; (7) the location where the events at issue took place; and (8) the interests of justice generally. *Corinthian Media, Inc. v. Yelsey*, 1992 WL 47546, at *1, 1992 U.S.Dist. LEXIS 2480, at *2 (S.D.N.Y.1992) (citing *International Commodities Expert Corp. v. North Pacific Lumber Co., Inc.*, 737 F.Supp. 242, 244–45 (S.D.N.Y.1990)); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Although all of the above factors are relevant, the convenience of the witnesses is generally viewed as the most important factor on a motion for transfer. *Orix Credit Alliance, Inc. v. Quail Hollow Mining Co.*, 1991 WL 12414, at *1, 1991 U.S.Dist. LEXIS 810, at *2 (S.D.N.Y.1991) (citing *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 928 (W.D.Mo.1985)). In moving to transfer a case, the defendant-movant has the burden of establishing that "the interests of justice and the convenience of parties and witnesses would be better served by transfer." *Sanders v. Claridge Hotel and Casino*, 1990 WL 160887, at *1, 1990 U.S.Dist. LEXIS 13877, at *1 (S.D.N.Y.1990) (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979)).

■ In this case, Macy's has failed to meet its burden. Although it is true that this action has many connections to New Jersey—the plaintiff is a resident of New Jersey, the accident occurred in New Jersey, the third-party defendant has its principal place of business in New Jersey, the plaintiff sought medical treatment in New Jersey, the employee who prepared the accident report resides in New Jersey, and

New Jersey law applies—the Court finds that the action should remain in the Southern District of New York.

First, Macy's has failed to show how any witnesses will be inconvenienced by having this case tried in the Southern District of New York. Although Macy's seeks to transfer this action based upon the convenience of witnesses, it has failed to provide affidavits indicating what the testimony of any witnesses will be, and why it would be inconvenient for any witness if the case remained in the Southern District of New York. *See Factors, Etc., Inc. v. Pro Arts*, 579 F.2d at 218 (if the defendant relies on the convenience of witnesses to justify transfer, "the movant must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover"); *Leasing Serv. Corp. v. Patterson Enterprises, Ltd.*, 633 F.Supp. 282, 284 (S.D.N.Y.1986) (same). By contrast, plaintiff has submitted the affidavit of a New York witness, Dr. Melvin Jahss, who would be inconvenienced by a transfer to the District of New Jersey. *See* Affidavit of Dr. Melvin Jahss, sworn to on January 2, 1992, attached as Exhibit "B" to Affidavit of Joel Savit.

Second, the record indicates that any witnesses which Macy's intends to call fall within this Court's subpoena power. Pursuant to Federal Rule of Civil Procedure 45(e), the Court has the power to compel the presence of any necessary witness within one hundred miles of the Foley Square courthouse. Because of this one hundred mile "bulge," even if there were any unwilling witnesses, Macy's could subpoena these persons, and their attendance would be mandatory in this district. Additionally, the Court's subpoena power extends to any of the New Jersey health facilities where plaintiff received treatment, each of which are within one hundred miles of this courthouse.

Third, it is not the case that the plaintiff sought the bulk of her medical care in New Jersey or that all potential witnesses reside in New Jersey. In fact, plaintiff has shown that much of her medical care was received in New York, and witnesses essen-

tial to prove her case have offices within the Southern District of New York. *See* Affidavit of Joel Savit, sworn to on January 2, 1992, at ¶¶ 10–15. Specifically, plaintiff was treated by Drs. Jerry Lubliner, Melvin Jahss, and Veronica Cheung, whose offices are in this district, and underwent a Magnetic Resonance Imaging at St. Vincent's Hospital which is within the Southern District of New York.[3]

Finally, the fact that New Jersey law applies and that the accident occurred in New Jersey are not more significant than convenience to parties and witnesses. *Noreiga v. Lever Bros. Co.*, 671 F.Supp. 991, 996 (S.D.N.Y.1987) (citing *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 759 (S.D.N.Y. 1980) (that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer especially when no complex issues of foreign law are at stake)). As the Court stated in *Noreiga*, "[w]hile the location of the accident is significant in the abstract, defendants have not proven, as is their burden, that the fact of the accident occurring in New Jersey makes it inconvenient to try the case in New York." *Id.* at 997.

Thus, the Court finds that Macy's has not satisfied its burden of establishing that transfer to the District of New Jersey would be more convenient to the parties or witnesses. Accordingly, its motion to transfer venue to the District of New Jersey is denied.

### Conclusion

For the reasons stated above, Macy's motion to transfer venue to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a), is denied. The action will continue in this Court.

SO ORDERED.

---

3. Because these doctors maintain practices in New York, it would also be less costly for plaintiff to pay these physicians for their time if the action remained in this district.