ANADIGICS, INC., Plaintiff,

v.

RAYTHEON COMPANY, Defendant.

No. 95 Civ. 3887 (DC).

United States District Court,
S.D. New York.

Nov. 8, 1995.

**616**

Pennie & Edmonds by Barry D. Rein and Garland T. Stephens, New York City, for Plaintiff.

Hale & Dorr by William F. Lee, David Bassett, Boston, Massachusetts, and Lankler Siffert & Wohl by Jess Fardella, New York City, for Defendant.

### MEMORANDUM DECISION AND ORDER

CHIN, District Judge.

Defendant Raytheon Company ("Raytheon") has moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Massachusetts. In response, plaintiff Anadigics, Inc. ("Anadigics") moved to transfer the action to the District of New Jersey. For the reasons set forth below, Raytheon's motion is granted and the action is transferred to Massachusetts.

### BACKGROUND

On May 26, 1995, Anadigics commenced this action under the Semiconductor Chip Protection Act of 1984, 17 U.S.C. § 901 *et seq.* (the "Act"), claiming that Raytheon infringed its "mask work" rights in violation of the Act. Anadigics is a New Jersey corporation with its headquarters in New Jersey. Raytheon is a Massachusetts corporation with its headquarters in Massachusetts.

Both Anadigics and Raytheon are manufacturers and suppliers of microwave integrated circuits, including monolithic microwave integrated circuits ("MMICs"). MMICs are used in various high-frequency broadcast applications, including cellular telephones and direct broadcast satellite ("DBS") television. The specific product at issue is Anadigics's registered Mask Work No. MW 7792, entitled B78. A primary use of the B78 mask work is in DBS television receiver applications.

In this action, Anadigics alleges that Raytheon infringed on Anadigics's rights in the B78 mask work. Raytheon has asserted twelve affirmative defenses. Eight of these defenses contend that Raytheon did not infringe on Anadigics's mask work rights. Three defenses challenge the validity of Anadigics's mask work rights. Raytheon's final defense contends that its product was properly created through the process of reverse engineering.

### DISCUSSION

■ Raytheon brings this motion to transfer under 28 U.S.C. § 1404(a), which provides that:

[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Thus, the moving party bears the burden of establishing: (1) that the action could have been brought originally in the transferee forum; (2) that transfer serves the convenience of parties and witnesses; and (3) that transfer advances the interests of justice. *Morales v. Navieras de Puerto Rico,* 713 F.Supp. 711 (S.D.N.Y.1989).

Although a plaintiff's choice of forum is generally given significant weight, *Seagoing Uniform Corp. v. Texaco, Inc.*, 705 F.Supp. 918, 936 (S.D.N.Y.1989), this presumption does not apply where there is "little material connection" between the chosen forum and the facts or issues of the case. *Bordiga v. Directors Guild of America*, 159 F.R.D. 457, 462 (S.D.N.Y.1995).

■ A motion to transfer venue rests within the sound discretion of the district court. *Schwartz v. R.H. Macy's, Inc.*, 791 F.Supp. 94, 94 (S.D.N.Y.1992). Factors the court should consider include: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F.Supp. 175, 183 (S.D.N.Y.1995); *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247, 1250–51 (S.D.N.Y. 1995).

■ Both parties make compelling cases as to the relative convenience of the parties and witnesses, and the location of key documents between Massachusetts and *New Jersey*. The only connection between this action and the Southern District of New York, however, is that Raytheon does business in New York. In such a situation, the court need not give great weight to plaintiff's choice of forum. *Bordiga*, 159 F.R.D. at 462; *De Jesus v. National R.R. Passenger Corp.*, 725 F.Supp. 207, 208 (S.D.N.Y.1989).

■ To counter the lack of connection with this district, Anadigics argues, in effect, that the transfer statute involves geographical regions rather than judicial districts. Thus, according to Anadigics, New York and New Jersey are interchangeable forums as long as there is little difference in the convenience to witnesses and parties between New York and New Jersey as compared to other forums. In support of this novel proposition, Anadig-

ics cites *Schwartz* and *Noreiga v. Lever Bros. Co.*, 671 F.Supp. 991 (S.D.N.Y.1987). These cases are inapposite. Each involved a motion to transfer from the Southern District of New York to the District of New Jersey. In denying the motion to transfer, each court simply found that, based on the facts of the case, the movant could not show any inconvenience to the parties or witnesses if the case remained in New York as opposed to New Jersey. *Schwartz*, 791 F.Supp. at 95; *Noreiga*, 671 F.Supp. at 996. In no way do these cases support Anadigics's theory that New York and New Jersey are interchangeable forums when compared to other forums.

Anadigics also argues that *Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F.Supp. 486 (S.D.N.Y.1992), supports its position. In *Sunshine Cellular*, the court stated that "even when the plaintiff is not a resident of the chosen forum, his choice is still entitled to significant weight." *Id.* at 500. Of course, this statement is completely consistent with the *Bordiga* court's statement that plaintiff's choice of forum is entitled to little weight if there is no material connection between the chosen forum and the action. *Bordiga*, 159 F.R.D. at 462. In *Sunshine Cellular*, the subject matter of the lawsuit was significantly connected to the Southern District of New York. *Id.* at 501. Here, Anadigics has failed to show any connection between this action and New York other than Raytheon's mere presence. *See De Jesus*, 725 F.Supp. at 208. Simply put, because no witness, document, or any other significant aspect of this suit is located in the Southern District of New York, Massachusetts is a more convenient forum than New York.

■ The question remains, however, whether the case should be transferred to Massachusetts or to New Jersey. Raytheon argues that I may reach this question only if I find that Anadigics's motion was necessitated by changed circumstances. *See Harem–Christensen Corp. v. M.S. Frigo Harmony*, 477 F.Supp. 694, 698 (S.D.N.Y.1979). I find that such circumstances exist, as Raytheon's motion to transfer constitutes changed circumstances warranting Anadigics's motion.

Next, Raytheon notes that some courts have held that transfer from New York to New Jersey is generally not necessary. *See Schwartz,* 791 F.Supp. at 95; *Noreiga,* 671 F.Supp. at 996. Nevertheless, courts have transferred cases from this district to New Jersey in appropriate circumstances. *See De Jesus,* 725 F.Supp. at 208–09; *Eichenholtz v. Brennan,* 677 F.Supp. 198, 203 (S.D.N.Y. 1988). Thus, in this case, I must analyze the relative conveniences between New Jersey and Massachusetts to determine where this action belongs.

■ Both parties have provided lists of key witnesses. Anadigics's witnesses are all located in New Jersey; Raytheon's witnesses are all located in Massachusetts. Also, the convenience of the parties does not favor one district over the other: Anadigics is a New Jersey corporation and Raytheon is a Massachusetts corporation. Similarly, factors such as the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties, and the forum's familiarity with the governing law do not favor New Jersey or Massachusetts. Finally, because Anadigics has brought this action in New York, its preference to be in New Jersey rather than Massachusetts is not accorded any additional weight. *See Hutson v. A.H. Robins Co.,* 846 F.Supp. 14, 16 (S.D.N.Y.1994); *Gall v. Home Box Office, Inc.,* No. 92 Civ. 0835, 1992 WL 230245, at *6 (S.D.N.Y. Aug. 31, 1992)

■ Nonetheless, other factors favor Massachusetts over New Jersey. These factors include the location of relevant documents, the relative ease of access to sources of proof, and the locus of operative facts. Anadigics has asserted an infringement claim against Raytheon. The "center of gravity" for such a claim is in the district where the alleged infringement occurred. *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1187–88 (N.D.Ill.1983); *Volk Corp. v. Art–Pak Clip Art Serv.,* 432 F.Supp. 1179, 1181–82 (S.D.N.Y.1977); *see also Max Planck Gesellschaft Zur Foederung Der Wissenschaften, E.V. v. General Elec. Co.,* 858 F.Supp. 380, 383 (S.D.N.Y.1994) (transferring action to locale of alleged infringement); *Editorial Musical Latino Americana, S.A. v. Mar Int'l*

*Records, Inc.,* 829 F.Supp. 62, 67 (S.D.N.Y. 1993) (denying motion to transfer because, *inter alia,* alleged infringement occurred in present venue). In this case, all acts relating to Raytheon's alleged infringement occurred in the District of Massachusetts.

■ Furthermore, Raytheon's central defense in this action is reverse engineering. Under the Act, it is not an infringement to reproduce a mask work to analyze or evaluate its concepts or techniques and then to incorporate the results of this work into an original mask work. 17 U.S.C. § 906(a). This process is known as reverse engineering. The crucial evidence in determining whether a party simply infringed on another's mask work or conducted permissible reverse engineering is a "paper trail" that records "the engineer's efforts to understand the original chip and to design a different version after reverse engineering. . . ." *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 977 F.2d 1555, 1566 (Fed.Cir.1992). The presence or absence of such a paper trail would "significantly reduce the gray area between legitimate and illegitimate behavior." *Id.* Thus, resolution of the critical defense in this case, whether Raytheon's product is the result of legitimate reverse engineering, revolves around a paper trail that exists, if at all, in Massachusetts.

Anadigics responds that Raytheon's affirmative defenses raise other issues implicating sources of proof that are located in New Jersey. Primarily, Raytheon may challenge the validity of Anadigics's mask work. Proof pertaining to this issue is located in New Jersey and thus favors that forum. *See Rackman v. Texas Instruments, Inc.* 712 F.Supp. 448, 450 (S.D.N.Y.1989). Nevertheless, the primary aspects of this case are the infringement claim and the reverse engineering defense. These issues involve documents, witnesses, and other sources of proof located in Massachusetts. Raytheon's mere assertion of the defense of invalidity is not enough to shift the center of gravity away from Massachusetts. Accordingly, Massachusetts is the most convenient forum in this action.

## CONCLUSION

For the reasons set forth above, Raytheon's motion to transfer this case to Massachusetts is granted and Anadigics's motion to transfer this case to New Jersey is denied. The Clerk of the Court for the Southern District of New York shall transfer all records and papers in this action to the Clerk of the Court for the District of Massachusetts, along with a certified copy of this memorandum decision and order.

SO ORDERED.