D'ANTON JOS, S.L., Plaintiff,

v.

The DOLL FACTORY, INC.; J.C. Toys Group, Inc. and Does 1 Through 10, Defendants.

No. 95 Civ. 10843 (BDP).

United States District Court, S.D. New York.

Sept. 10, 1996.

Anthony H. Handal, Handal & Morofsky, Norwalk, CT, for Plaintiff.

David A. Beale, Adorno & Zeder, P.A., New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff D'Anton Jos ("D'Anton") brings this action against J.C. Toys Group, Inc. ("J.C. Toys") for trademark infringement and other related claims. Presently before this Court is Defendant's motion to dismiss this case pursuant to Rule 12(b)(3) of the Fed.R.Civ.P., for improper venue under 28 U.S.C. § 1391(b), or, in the alternative, to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. 1404(a).

## FACTS

D'Anton is a corporation organized under the laws of Spain with offices in Onil, Spain. D'Anton does not have any employees located in the United States nor does it maintain any offices here. J.C. Toys is a Florida corporation owned by Juan Cerda and his family. J.C. Toys' principal and only place of business in Miami, Florida.

D'Anton is in the business of designing, manufacturing and selling dolls. In its complaint, D'Anton alleges that J.C. Toys has infringed D'Antons' "Georgie Doll" by manufacturing, marketing and selling a similar item identified as the "Laughing Doll." D'Anton also asserts that the infringement has occurred and continues to occur in the Southern District of New York.

## DISCUSSION

### Proper Venue

Venue in trademark and unfair competition cases is governed by the general federal venue statute. 28 U.S.C. § 1391(b), which provides that "a civil action wherein jurisdiction is not founded solely on the diversity of citizenship may, except as otherwise provided by law, be brought only in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..." 28 U.S.C. § 1391(b).

■ Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper. *French Transit Ltd. v. Modern Coupon Systems*, 858 F.Supp. 22, 24 (S.D.N.Y.1994), citing *Pocahontas Supreme Coal Co. v. National Mines Corp.*, 90 F.R.D. 67, 69 (S.D.N.Y. 1981). D'Anton, therefore bears the burden of establishing that a substantial part of the events giving rise to the lawsuit occurred in the Southern District of New York.

■ A substantial part of events occurs in New York if the defendant targets New York by advertising and actively pursues efforts to market the infringing product here or if the defendant sells a substantial amount of the allegedly infringing goods to customers here, *French Transit*, 858 F.Supp. at 26; see also *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F.Supp. 175 (S.D.N.Y.1995) (finding venue proper where plaintiff alleges that defendant targeted New York through advertising and

direct mail solicitation); *Eastman Kodak Co. v. Photaz Imports Ltd.*, 853 F.Supp. 667 (W.D.N.Y.1993), *aff'd*, 28 F.3d 102 (2d Cir. 1994) (finding allegations that defendant mailed catalogs and filled orders in the challenged district sufficient to establish venue); *Schieffelin & Co. v. Jack & Co of Boca*, 725 F.Supp. 1314, 1320 (S.D.N.Y.1989); *Time Products v. J. Tiras Classic Handbags*, 1994 WL 363930 (S.D.N.Y.1994) (finding venue proper where complaint alleged that marketing, selling and product demonstrations occurred in New York and New York paper advertised infringing product). Almost all courts that have addressed the language of section 1391(b) have construed it to mean that venue may be proper in more than one district. *Bates v. C & S Adjusters*, 980 F.2d 865 (2d Cir.1992).

J.C. Toys has not sold nor advertised the dolls at issue in this case in New York in 1994 or 1995. Nonetheless, D'Anton argues that venue is proper because J.C. Toys sells the dolls to national store chains, which in turn distribute the dolls to their New York distributors. However, this allegation fails to establish that the products were in fact sold in New York and that J.C. Toys actively attempted to market their product here. Additionally, D'Anton alleges that J.C. Toys attends trade conferences and tradeshows in New York. See *Dave Guardala Mouthpieces Inc. v. Sugal Mouthpieces*, 779 F.Supp. 335 (S.D.N.Y.1991). Attendance at trade shows in New York, without more, does not demonstrate sufficiently active attempts to market its infringing products here.

D'Anton also alleges that J.C. Toys advertised in the J.C. Penny Catalogue, a national mail order catalog company, which is distributed in the Southern District of New York. While advertising in national trade publication is given some weight in considering venue, see e.g. *French Transit*, 858 F.Supp. at 26; *Dave Guardala Mouthpieces*, 779 F.Supp. at 338, it appears from the record that J.C. Toys does not actually advertise to J.C. Penney; rather it sells its products to J.C. Penney, which in turn advertises the dolls in its catalogue. For purpose of venue, these facts do not support a finding of active

marketing efforts in the Southern District of New York. See *French Transit*, 858 F.Supp. at 24.

D'Anton also alleges that J.C. Toys maintains a sales agent specifically for the New York, New Jersey area; however because these allegations are unsupported by any "specific allegations as to the actual business performed for" J.C. Toys, his or her presence on the "payroll does not persuade the court that substantial activities giving rise to" D'Anton's claims took place in this district. See *Imagineering v. Lukingbeal*, 1996 WL 148431 (S.D.N.Y.1996). Similarly, we reject D'Anton's argument that J.C. Toys' maintaining of accounts in New York amounts to substantial activity here. This interpretation would dilute the purpose of the venue statute which focuses on the defendant's infringing activities rather than its internal administration. See *Crescent Publishing Group v. American Video Corp.*, 1996 WL 143928 (S.D.N.Y.1996).

**Transfer**

Even if this case were properly brought in the Southern District of New York, we would still transfer it to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) which grants a district court the discretionary power to transfer any civil action to any other district court where it might have been brought for the convenience of the parties and witnesses and in the interests of justice.

As a threshold matter, this court must determine whether the Southern District of Florida is the proper forum for resolution of this matter. Pursuant to 28 U.S.C. § 1391(b), this action could have been brought in the southern District of Florida because all of the defendants reside there and the items are produced there. See *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633 (2d Cir.1956), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956); see also *French Transit*, 858 F.Supp. at 26.

A motion to transfer venue rests with the sound discretion of the district court. *Schwartz v. R.H. Macy's Inc.*, 791 F.Supp. 94 (S.D.N.Y.1992). Factors the

court should consider include the governing law, location of underlying facts; the convenience of the parties and witnesses; the relative ease of access to all the sources of proof and the availability of process to compel attendance of unwilling witnesses; trial efficiency and the interests of justice. *800 Flowers Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 133 (S.D.N.Y.1994); *Don King Productions, Inc. v. Douglas,* 735 F.Supp. 522 (S.D.N.Y.1990).

As a starting point for our analysis we consider the residence of the parties. See *French Transit,* 858 F.Supp. at 26, citing, *Heyco v. Heyman,* 636 F.Supp. 1545, 1550 (S.D.N.Y.1986). All of the defendants reside in Miami, Florida, therefore appearance for them at trial would obviously be more convenient for them in the Southern District of Florida than the Southern District of New York. In addition, the Southern District of Florida also presents a more convenient forum for the J.C. Toys' President, Juan Cerda, because he must care for his two children and attend to his small business.

The convenience of the witnesses and the parties are generally considered as the most important factor in a transfer application. *Pilates, Inc.,* 891 F.Supp. at 183. On the one hand, defendants' witnesses, J.C. Toys' president, and other employees, for the most part, reside or work in the Southern District of Florida. Defendants other witnesses live in Spain or China. On the other hand, D'Anton intends to call its President from Spain. D'Anton also intends to call witnesses from its sales representative, Windsor Toys, from Toys R Us, and from RLA Marketing, all of whom are located in New Jersey. Although these New Jersey witnesses may be inconvenienced by a transfer, on balance it would be more convenient for the majority of witnesses to have venue transferred to the Southern District of Florida.

The relative ease of access to the sources of proof also weighs in favor of transfer. First, it appears that the information relating to the design of the dolls will be in Spain or Florida. Moreover, as for evidence relating to damages, J.C. Toys' sales and production records are located in Florida. While D'Anton represents that its records and documents are in the custody of its sole sales representative and distributor in New York, the relevant records may be readily made available in Florida.

■ Finally, although a plaintiff's choice of forum is generally given substantial weight, this presumption does not apply in cases such as this one where there is little material connection between the chosen forum and the facts and issues of the case. *Anadigics, Inc. v. Raytheon,* 903 F.Supp. 615, 617 (S.D.N.Y.1995) (citing *Seagoing Uniform Corp. v. Texaco Inc.,* 705 F.Supp. 918, 936 (S.D.N.Y.1989)); *Bordiga v. Directors Guild of America,* 159 F.R.D. 457 (S.D.N.Y.1995).

Here J.C. Toys has shown that the convenience of the parties, the convenience of the witnesses and the relative ease of access to the sources of proof weigh in favor of transfer and outweigh the importance of plaintiff's choice of forum.

## CONCLUSION

For the reasons stated, J.C. Toys' motion is granted. The Clerk is directed to transfer this case to the Southern District of Florida.

**SO ORDERED.**