Gary PISCOPO, Plaintiff,

v.

PORT AUTHORITY TRANS–HUDSON CORPORATION, Defendant.

No. 14 CIV. 7939.

United States District Court, S.D. New York.

Signed Oct. 14, 2014.

Charles C. Goetsch, Charles Goetsch Law Offices, LLC, New Haven, CT, for Plaintiff.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Order dated October 6, 2014, the Court noted that plaintiff Gary Piscopo ("Piscopo") stated that he is a resident of Avenel, New Jersey, that defendant Port Authority Trans–Hudson Corporation ("PATH") is a railroad corporation having a usual place of business in New York, New York, and that the complaint indicated that the events which gave rise to the underlying action occurred in connection with injuries Piscopo alleges he suffered by reason of PATH'S negligence while he was employed by PATH at its Harrison Yard facility, which is located in Harrison, New Jersey. Because it appeared that all or a substantial part of the material events, documents, third-parties and potential witnesses related to this action may be located in the District of New Jersey, the Court directed Piscopo to show cause why this action should not be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

By letter dated October 7, 2014 Piscopo responded, arguing that the action should remain in this District, his chosen forum, because PATH'S principal place of business is in Manhattan, New York, and that some relevant witnesses and documents are located in this District. By letter dated October 8, 2014, PATH replied, opposing Piscopo's arguments and supporting transfer to the District of New Jersey. PATH argues that, contrary to Piscopo's assertion, its headquarters and principal place of business are not situated in Manhattan, but in Jersey City, New Jersey. PATH also points out that Piscopo's supervisor who signed the incident report relevant to this action lives and works in New Jersey, and that the key witnesses and documents are also at PATH'S New Jersey facilities.

Having examined the complaint and the correspondence described above, the Court is persuaded that, for the maximum convenience of the parties and witnesses, and in the interest of efficient management of this Court's docket, this action should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). *See De*

*Jesus v. National R.R. Passenger Corp.,* 725 F.Supp. 207, 208 (S.D.N.Y.1989).

## ORDER

For the reason stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**