**COMMERCIAL UNION INSURANCE COMPANY, Plaintiff,**

v.

**FLAGSHIP MARINE SERVICES, INC., Sea Tow of Lee County, Defendant.**

No. 95 Civ. 0496 (DAB).

United States District Court, S.D. New York.

May 25, 1995.

David R. Hornig, Donovan Parry Walsh & Repetto, New York City, for plaintiff.

Steven G. Schwartz, Mattlin & McCloskey, Boca Raton, FL, for defendant.

MEMORANDUM OPINION AND ORDER

BATTS, District Judge:

Defendant Flagship Marine ("Defendant") has moved this Court for an Order, pursuant to 28 U.S.C. § 1404, transferring venue to the Middle District of Florida. For the reasons which follow, the motion is denied.

In September 1994, Plaintiff Commercial Union Insurance Company ("Plaintiff") contracted to provide marine insurance coverage to Defendant, including coverage of the M/V SEA TOW # 6. The contract was negotiated in New York by and between underwriters at Commercial Union and Brisotti & Silkworth, Inc., Defendant's marine insurance broker. The contract stated, in pertinent part, that:

> In consideration of the rates and premiums charged, it is understood and agreed that coverage is hereby provided for the towage of yachts up to 50 feet in length. Towage of yachts in excess of 50 feet is subject to prior approval of underwriters with additional premium to be agreed, if any.

On November 13, 1994, Gary McLean, captain of the SEA TOW # 6, was injured while attempting to tow a dinner cruise boat in the coastal waters of Florida. Plaintiff alleges that the dinner cruise boat was in excess of 50 feet.

On January 23, 1995, Plaintiff filed the instant Complaint seeking a declaration from this Court regarding its liability with respect to any claims arising out of its agreement to insure the SEA TOW # 6. In its Complaint, Plaintiff alleged that its obligations to insure the SEA TOW # 6 were rendered void as a result of Defendant's towing a vessel more than 50 feet in length.

Subsequently, on March 6, 1995, McLean sued both Flagship Marine and Commercial Union Insurance in Florida state court. The

owners of the dinner cruise boat and Defendant each filed complaints, in federal court in the Middle District of Florida, seeking limitation of liability. Defendant next moved this Court to transfer venue in the instant action to the Middle District of Florida.

A motion to transfer rests within the sound discretion of the Court. *See Elite Parfums v. Rivera,* 872 F.Supp. 1269, 1272 (S.D.N.Y. 1995). 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

In consideration of a motion to transfer venue, however, the Plaintiff's choice of forum should not be disturbed by the Court unless certain criteria weigh strongly in Defendant's favor. *See Schwartz v. R.H. Macy's, Inc.,* 791 F.Supp. 94, 95 (S.D.N.Y.1992). Such criteria include: convenience of the parties and witnesses, location of counsel, location of documents, and the interests of justice. *See Corinthian Media, Inc. v. Yelsey,* 1992 WL 47546, at *1. "In moving to transfer a case, the Defendant-movant has the burden of establishing that the 'interests of justice and the convenience of the parties and witnesses would be better served by transfer.'" *Schwartz,* at 95, *quoting, Sanders v. Claridge Hotel and Casino,* 1990 WL 160887, at *1.

Defendant cannot satisfy this burden. Although the accident took place in Florida and the Defendant is located in Florida, the contract at issue was negotiated and delivered in New York. Schliwka Aff. at ¶ 9. Plaintiff's uncontroverted affidavit asserts that "all records concerning the terms and conditions of the policy, and notes reflecting any conversation by and between broker and underwriter, are located in New York." Schliwka Aff. at ¶ 9. Contrary to Defendant's assertion, the contract's coverage was not limited to the coastal waters of Florida. Rather, its coverage extended to losses occurring in the coastal waters of the entire east coast. Exh. A to Def.'s Memorandum, at 18. Defendant's argument that transfer is appropriate because the instant action has no connection with New York must therefore fail.

Defendant's further argues that many of the witnesses reside in Florida, and that this fact warrants transfer. The witnesses Defendant refers to are witnesses to the SEA TOW # 6 accident. The parties in this action, however, are litigating the terms of the marine insurance contract. They are not attempting to ascertain the facts surrounding Captain McLean's injuries. Therefore, the location of witnesses to the accident in Florida is irrelevant to the instant suit for declaratory judgment.

This Court finds that transferring the action to the Middle District of Florida would not be in the interests of justice. Nor would it serve the goal of judicial economy, as the state court action pending in Florida could not be consolidated with a federal action. Moreover, Plaintiff commenced this action prior to the filing of any of Florida cases stemming from the SEA TOW # 6 accident. For all of these reasons, Defendant's motion to transfer venue is hereby denied.

It is further ORDERED that except for good cause explicitly set forth by letter and shown, all discovery shall be commenced in time to be completed by July 25, 1995. Then, except for good cause shown, no party may request a pre-motion conference or make a dispositive motion after August 25, 1995.

In the event that neither party makes a dispositive motion, Memoranda of Law shall be submitted by September 25, 1995. Proposed Findings of Fact and Conclusions of Law shall be submitted by October 9, 1995. A joint pre-trial order shall also be submitted by October 9, 1995. The pre-trial order shall conform to the Court's Individual Rules, a copy of which is enclosed.

IT IS SO ORDERED.