Dated: New York, New York
    July 18, 1996

RELIANCE INSURANCE
COMPANY, Plaintiff,

v.

BEND'N STRETCH, INC., and Osh Kosh
B' Gosh, Inc., Defendants.

No. 96 Civ. 4527 (MP).

United States District Court,
S.D. New York.

Aug. 22, 1996.

Nicoletti Hornig & Sweeney by James F. Sweeney, New York City, for Plaintiff Reliance Ins. Co.

Sandler Travis & Rosenberg by Kenneth Wolf, New York City, for Defendant Bend N' Stretch, Inc.

## OPINION

MILTON POLLACK, Senior District Judge:

Defendant Bend'N Stretch ("BSI") has moved to dismiss this declaratory judgment suit for want of jurisdiction and improper venue, or, alternatively to transfer this action to the U.S. District Court for the Southern District of Florida. Plaintiff, Reliance Insurance Company ("Reliance"), issued an ocean marine transit insurance policy to BSI. The dispute concerns certain losses of goods owned by BSI, which took place in BSI's Hialeah, Florida warehouse. Plaintiff seeks a declaratory judgment pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. § 2201, that defendant BSI's losses are not covered by the insurance policy. A little over two months after the inception of this suit, BSI filed a coercive suit in the Southern District of Florida, 96–2362–CIV–Ferguson, seeking recovery under the contract of insurance.

The initial Complaint and First Amended Complaint named only BSI as a defendant. Reliance subsequently filed a Second Amended Complaint, naming Osh Kosh B' Gosh, Inc. ("Osh Kosh") as an additional defendant. The Second Amended Complaint alleges that some of the lost property was not owned by BSI, but was owned by Osh Kosh, and that pursuant to an agreement with BSI, Osh Kosh was required to "carry all necessary insurance on all raw materials, trim and components stored or in process at Bend'N Stretch's facility." Sec.Amend.Compl. ¶ 67.

Plaintiff is a Pennsylvania corporation, claiming to have its principal place of business in New York. Defendant BSI is a Florida Corporation with its principal place of business in Dade County, Florida. Defendant Osh Kosh is a Delaware corporation, with its principal place of business in Wisconsin. Plaintiff initially asserted that jurisdiction herein is based on admiralty and maritime law pursuant to 28 U.S.C. § 1333, but this assertion was abandoned at a pre-motion conference and diversity of citizenship pursuant to 28 U.S.C. § 1332 is now the only ground for jurisdiction. Plaintiff also asserts that venue in New York is proper on the contention that the insurance involved was solicited and written in New York.

In considering the proper order of priority between a declaratory judgment action and a coercive action, the most commonly used framework appears to be the balance-of-conveniences analysis called for by Title 28 U.S.C. § 1404(a). *Unique Indus., Inc. v. Lisa Frank, Inc.*, No. 93 Civ. 8037 (LAP), 1994 WL 525041 at *1 (S.D.N.Y. Sept. 23, 1994) (Preska, J.). Title 28 U.S.C. § 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Transfer decisions are within the court's sound discretion. *Elite Parfums v. Rivera*, 872 F.Supp. 1269, 1272 (S.D.N.Y.1995). Among the factors to be considered are: (1) convenience to the parties, (2) convenience of material witnesses, (3) availability of process to compel attendance, (4) ease of access to sources of proof, (4) cost of obtaining the presence of witnesses, (5) calendar congestion, (6) where the events in issue took place, and (7) the interests of justice. *Unique, supra,* at *2.

Plaintiff contends that these factors weigh in favor of proceeding in New York because the only issues involved are those of coverage and the contract was allegedly negotiated and executed in New York. However, Plaintiff's argument fails to recognize the subsequent filing of BSI's Florida suit. The Declaratory Judgment Act is not to be used as a means of gaining a procedural advantage and preempting the forum choice of the complainant in a coercive action. *Great American Ins. v. Houston General Ins.*, 735 F.Supp. 581, 586 (S.D.N.Y.1990). If a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining "home field advantage," the coercive suit is given precedence. *Unique, supra* at *3.

Here, BSI alleges that Plaintiff filed this action in New York in anticipation of BSI filing its own claim. The Court also notes that as initially presented, the plaintiff sought a declaratory judgment of non-coverage for the losses that took place in Hialeah, Florida. By adding Osh Kosh as a defendant, however, Plaintiff has further complicated matters with an issue involving the relationship of a third party to the matter with which the original parties are involved. This suggests the possibility that consolidation with the coercive action is now appropriate.

This case involves a Pennsylvania insurance company which issued a policy allegedly negotiated in New York. The naked contractual inception of the policy is not the nub of the controversy presented. Coverage of the insurance provided herein is best and probably almost exclusively to be determined on the state of facts and events that occurred in Florida. After careful consideration it appears to the Court that the controversy herein more properly should be determined in Florida by the Florida circumstances, witnesses and events.

Reliance argues that *Commercial Union Ins. Co. v. Flagship Marine Servs.*, 886 F.Supp. 397 (S.D.N.Y.1995) indicates that a contrary result should control. In *Commercial Union* the district court refused to transfer an insurance suit for a declaratory judgment from New York to the Middle District of Florida where the policy had been written in New York and a subsequent case had been filed in Florida. However, *Commercial Union* did not consider the relationship between the declaratory judgment and coercive action as developed herein, a matter that this Court finds significant to the instant decision. Furthermore, the subsequent coercive action involved in *Commercial Union* was filed in state, not federal court, suggesting that it would not serve judicial economy to transfer the declaratory judgment controversy to Florida because "the state court action pending in Florida could not be consolidated with a federal action." *Id.* at 398. In the case pending before this Court, both the declaratory judgment and the coercive actions have been filed in federal court, making possible consolidation judicially economical.[1]

Consequently, pursuant to 28 U.S.C. § 1404(a), the instant case should be and is transferred to the U.S. District Court for the Southern District of Florida. The clerk of this Court is directed to forward the file herein to the District Clerk of United States Courthouse at 301 N. Miami Ave., Miami, Florida 33128.

---

1. The coercive suit brought in *Commercial Union* was brought by a captain of the declaratory judgment defendant's ship against the declaratory judgment defendant and the declaratory judgment plaintiff. Thereafter, the owners of the ship and the declaratory judgment defendant each filed limitation of liability claims in federal court in Florida.