**CHRISTINA CANADA, INC., Plaintiff,**

v.

**WIOR CORPORATION, Defendant.**

**No. 88 Civ. 4268 (RWS).**

United States District Court, S.D. New York.

Dec. 16, 1988.

---

Nims, Howes, Collison & Isner, New York City, for plaintiff; Oliver P. Howes, Jr., of counsel.

Darby & Darby, New York City, for defendant; Robert Berliner, Beverly B. Goodwin, Melvin C. Garner, of counsel.

## OPINION

SWEET, District Judge.

Defendant Wior Corporation ("Wior") has moved pursuant to 28 U.S.C. § 1404(a) to transfer this action from the Southern District of New York to the Central District of California. For the reasons set forth below, Wior's change of venue motion is denied.

### The Parties

Plaintiff Christina Canada, Inc. ("Christina Canada") is a Canadian corporation with its principal place of business in Montreal, Quebec, Canada. It designs and manufactures swimwear in Canada for sale in Canada and the United States. Christina Canada's sister corporation, Christina U.S.A., Inc. ("Christina U.S.A."), is a Delaware corporation with its principal place of business in New York City. Christina U.S.A. markets Christina Canada's swimwear in the United States, but has not been named as a party to this action. Laurent Balit serves as president of both Christina Canada and Christina U.S.A.

Wior is a family-owned apparel corporation with its principal place of business in Los Angeles, California. It has several divisions, including the Nicole Wior Division ("Nicole"), which manufactures and markets swimwear, the Luci Pellini Division ("Luci"), which sells dresses, and the David Brown Division ("David"), which sells bathrobes and loungewear.

### The Facts

Wior, through its Nicole Division in Los Angeles, manufactures and markets swimwear under the trademark "The Slim Suit" that is covered by United States Letters Patent No. 4,571,742 ("patent"). To emphasize the slimming effect of its swimwear, Wior promotes "The Slim Suit" through advertisements that feature tape measures as part of their copy and attaches a tape measure to each swimsuit it sells.

Christina Canada manufactures and markets a line of swimwear called "Simply Slim." It too sells the swimsuit with a tape measure attached and promotes its product with advertisements featuring a tape measure. Both companies sell their swimwear lines in New York City.

Christina Canada alleges that, beginning in January of 1987, Wior sent it several letters claiming patent and trademark infringement and threatening a lawsuit. Christina Canada also asserts that Wior has attempted to enforce its patent and trademark by threatening suit against sellers, dealers, or users of Christina Canada swimwear in New York City.

In response, Christina Canada brought this action in the Southern District of New York. It sought a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 that Wior's patent for "The Slim Suit" is invalid and that Christina Canada's "Simply Slim" swimwear does not infringe the patent. It

also charged Wior with unfair competition for threatening suit against sellers, dealers, and users of Christina Canada Swimwear with the predatory intent of injuring Christina Canada's business.

Wior filed an answer, counterclaims for patent infringement and unfair competition and trademark infringement, and this motion for change of venue.

*Change of Venue*

A change of venue is authorized by 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The moving party—in this case, Wior—bears the burden to justify a change of venue. *See Factors, etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Troyer v. Karcagi,* 488 F.Supp. 1200, 1207 (S.D.N.Y.1980). That burden is heavy: "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *see also Ayers v. Arabian Amer. Oil Co.,* 571 F.Supp. 707, 709 (S.D. N.Y.1983) (" '[a]bsent a clear and convincing showing' that the balance of convenience favors the ultimate forum, discretionary transfers are not favored").

■ Several factors determine whether the defendant has met its burden on a motion to change venue. These include (a) plaintiff's choice of forum; (b) convenience of the parties; (c) convenience of the witnesses; (d) the relative ease of access to the sources of proof; (e) the availability of process to compel attendance of unwilling witnesses; (f) consideration of trial efficiency; and (g) the furtherance of the interest of justice. *See Town of Warwick v. New Jersey Dep't of Environmental Protection,* 647 F.Supp. 1322, 1323 (S.D.N.Y. 1986); *see also O'Neill v. Stanwood Corp.,* 577 F.Supp. 1001, 1003 (S.D.N.Y.1984).

Wior offers several reasons why transferring this action to the Central District of California would be more convenient for the parties and witnesses and would serve the interests of justice. First, Wior itself is based in California. All of Wior's officers and employees work and reside in or around Los Angeles. The company's business records and its corporate bank account are located in Los Angeles. Wior makes all advertising and promotion decisions, processes all orders, and ships all products relating to its swimwear line from Los Angeles.

Second, Wior's contacts with New York are minimal, particularly as they relate to the issues in this lawsuit. Its David division has some contacts with New York—it leases a showroom, employs two to four employees, and maintains a corporate bank account in New York. But it does so almost exclusively for selling robes and loungewear. Only occasionally does the facility accommodate visitors for purposes of marketing swimwear. Not until July of 1988 did the company lease space to display swimwear, and this facility employs only one person.

Third, Christina Canada has ties principally to Canada, not the Southern District of New York. Christina Canada designed and developed its Simply Slim swimwear line in Canada. It makes all final decisions regarding sales, merchandising, and promotion of the line in Canada and performs all accounting and bookkeeping functions in Canada. Although Christina U.S.A. has more substantial dealings in New York City, the complaint does not name that company as a party.

Most importantly, Wior contends, most of the activities and evidence relating to the issues in this case are based in California or Canada, not New York City. Wior conceived and reduced to practice the design for "The Slim Suit" in Los Angeles and Christina Canada did the same for the "Simply Slim" line in Canada. The persons who participated in this endeavor and who likely will be called to testify at trial—including graphic artists, designers, cutters, fitters, and models—work and reside in Los Angeles or in Canada. Virtually all the documents and records relating to this case are maintained in Los Angeles or in Canada.

Wior also has identified several third party witnesses over whom this court would not have jurisdiction to compel them to testify at trial. At least three persons who have since left Wior's employ may have information relating to conception and reduction to practice of the patent. Wior retains an independent accountant residing in Los Angeles whom it might call to testify regarding sales, earnings, and profitability.

Christina Canada contends that this court should respect the plaintiff's choice of forum for several reasons. First, Christina Canada has substantial ties to New York City. Christina Canada markets its swimwear in the United States through Christina U.S.A., which exists legally as a separate corporation but operates under the control of Christina Canada. Christina U.S.A. has three full-time employees and is the sole distributor of Christina Canada swimwear in the United States, handling all shipments, returns, and customer complaints for the American market out of its New York office. Christina U.S.A. has significant receipts from sales in New York City and maintains a corporate bank account in New York City. The records for Christina Canada's American Swimwear sales are located in New York City. Christina Canada employees routinely visit Christina U.S.A.'s New York City office to assist in sales, promotions, merchandising, and other related industry events.

Second, Christina Canada asserts that Wior has substantial business ties to New York City. Two of its divisions maintain offices in New York; the company operates a showroom in New York to display its swimwear; it has at least six New York employees; Wior has had a listing for a New York telephone number since at least 1986; and the company has receipts from New York sales of the merchandise that is the subject of this lawsuit.

Finally, Christina Canada argues that the Southern District of New York is the best forum for hearing its unfair competition claim, which arises from the two parties efforts to sell their competing swimwear lines in New York stores. Christina Canada has identified four witnesses with knowledge of this claim, all of whom live in New York City. It also expects discovery to disclose the identity of other New York residents it may call as witnesses at trial.

■ Wior has failed to meet its heavy burden to establish the need to transfer this case to the Central District of California. The alleged unfair competition occurred in New York City. Both companies market the swimwear that is the subject of the patent and trademark claims in New York City. Both parties maintain facilities and have employees here. Several party and third-party witnesses reside or work in New York City. Some of the records relating to the suit—notably, Christina Canada's sales records—are located here. Christina Canada employees must travel to participate in this suit in any event, but it is far easier for them to travel from Montreal to New York City than from Montreal to Los Angeles.

In light of these factors, transferring this case to the Central District of California would not be sufficiently more convenient for the parties or witnesses to justify disturbing Christina Canada's choice of forum.

*Conclusion*

For the reasons set forth above, Wior's motion to transfer venue to the Central District of California is denied.

It is so ordered.