**MPOWER COMMUNICATIONS, CORP., Plaintiff,**

v.

**VOIPLD.COM, INC., et al., Defendants.**

**No. 03–CV–6214L.**

United States District Court, W.D. New York.

Jan. 22, 2004.

Carolyn G. Nussbaum, Nixon Peabody LLP, Rochester, NY, for Plaintiff.

Sean A. Moynihan, Klein, Zelman, Rothermel & Dichter, LLP, New York, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Mpower Communications Corp. ("Mpower"), commenced this action on May 7, 2003, seeking damages for alleged breaches of certain telecommunications service agreements ("agreements") between Mpower and defendants. Defendants subsequently moved for various relief, including, *inter alia,* an order either dismissing this action for lack of personal jurisdiction and improper venue, or in the alternative, transferring the action to the Northern District of Illinois.

On January 20, 2004, after hearing oral argument on defendants' motions, the Court orally denied most of defendants' requests for relief (including the motion to dismiss for lack of personal jurisdiction and improper venue), but reserved decision on defendants' motion to transfer this action to Illinois. The following Decision and Order constitutes my ruling on that motion.

## DISCUSSION

Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "It is the defendants' burden to make a strong showing in favor of transfer, and '[a] plaintiff's choice of forum will not lightly be disturbed, especially where, as here, the plaintiff resides in the judicial district where the suit is filed.'" *Reynolds Corp. v. National Operator Services, Inc.,* 73 F.Supp.2d 299, 306 (W.D.N.Y.1999) (quoting *Cerasoli v. Xomed, Inc.,* 952 F.Supp. 152, 154

(W.D.N.Y.1997)). *See also Nabisco, Inc. v. Brach's Confections, Inc.*, No. 00 Civ. 5875, 2000 WL 1677935, at *3 (S.D.N.Y. Nov.6, 2000); *Toy Biz, Inc. v. Centuri Corp.*, 990 F.Supp. 328, 330 (S.D.N.Y.1998); *Christina Canada Inc. v. Wior Corp.*, 702 F.Supp. 461, 463 (S.D.N.Y.1988) (noting that movant's "burden is heavy").

In addition, the movant must support the motion with an affidavit containing "detailed factual statements" explaining why the transferee forum is more convenient, "including the potential principal witnesses expected to be called and general statement of the substance of their testimony." *Golden First Mortg. Corp. v. Berger*, 251 F.Supp.2d 1132, 1142 (E.D.N.Y. 2003) (citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979)). Unless the movant makes a "clear and convincing showing," the motion will be denied. *Id.* at 1141 (citing *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir.), *cert. denied*, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950)).

To determine whether transfer would be appropriate, courts have considered the following factors: (1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) convenience and relative means of the parties; (4) convenience of the witnesses; (5) availability of process to compel the attendance of witnesses; (6) location of physical evidence; (7) relative familiarity of the courts with the applicable law; and (8) interests of justice and trial efficiency. *Goggins v. Alliance Capital Mgmt. L.P.*, 279 F.Supp.2d 228, 232 (S.D.N.Y.2003); *Kiss My Face Corp. v. Bunting*, No. 02–CIV–2645, 2003 WL 22244587, at *1 (S.D.N.Y. Sept. 30, 2003). District courts have "considerable discretion" in balancing these factors. *Red Bull Associates v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir.1988).

■ The presence of a forum selection clause will also typically be "a significant factor that figures centrally in the district court's calculus" in the decision on whether to transfer venue. *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Even when such a clause is present, however, the court must still "take account of factors other than those that bear solely on the parties' private ordering of their affairs," such as the convenience of the witnesses and the other factors listed above. *Id.* at 30, 108 S.Ct. 2239. Nevertheless, it is clear that such clauses are not lightly disregarded; a party opposing enforcement of a forum selection clause must "demonstrate exceptional facts explaining why he should be relieved from his contractual duty." *Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992). *See also Stewart Organization*, 487 U.S. at 33, 108 S.Ct. 2239 ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases") (Kennedy, J., concurring).

■ In the case at bar, plaintiff relies upon the following clause, which is found at paragraph 23 of each of the agreements: "Governing Law. This Agreement shall be governed by the laws of the State of New York and customer agrees to be subject to the jurisdiction of the courts in Monroe County, New York." Defendants are the "customer[s]" referred to.

Having reviewed the parties' submissions, I find that defendants have failed to carry their burden to show that the interests of justice support the transfer of this action. First, I disagree with defendants' assertion that this clause is not a forum selection clause at all, but "a governing law clause . . . with a permissive jurisdiction section." Defendants' Reply Mem. (Docket #57) at 3. For one thing, there is no

such thing as "permissive jurisdiction"; one is either subject (or consents) to jurisdiction in a given forum, or not. In addition, by consenting to jurisdiction here, defendants implicitly consented to venue as well; otherwise, the consent to jurisdiction would be meaningless. *See Doctor's Associates, Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir.1996) ("Because Defendants consented to personal jurisdiction in the District of Connecticut, . . . they also consented to venue there").

The forum selection clause here is also valid and enforceable. Such clauses are presumed to be valid, *see Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 589–95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 8–18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), and the party resisting a forum selection clause "must make a 'strong showing' in order to overcome the presumption of enforceability." *New Moon Shipping Co. v. MAN B&W Diesel AG,* 121 F.3d 24, 29 (2d Cir.1997) (quoting *Bremen,* 407 U.S. at 15, 92 S.Ct. 1907). Defendants have made no such showing.

■ In support of their motion to transfer, the individual defendants have submitted affidavits stating that they all reside in Chicago, and that the relevant events all occurred in Chicago. They also identify certain individuals who they allege will likely be witnesses in this action. Some defendants also contend that it would impose a financial hardship on them to litigate this action here rather than in Illinois.

I am not persuaded that defendants have made the "strong showing" required to overcome plaintiff's choice of forum.

*Reynolds Corp.,* 73 F.Supp.2d at 306. Although defendants have identified a number of Illinois residents who they claim will be witnesses, I note that several of those people are *Mpower* employees, and Mpower is the party seeking venue in this district. If it does become necessary to call those persons as witnesses, Mpower will presumably make them available.

Of the remaining alleged "key witnesses" identified by defendants, *see* Nayfa Reply Aff. (Docket # 58) ¶ 7, three of them are defendants in this action. While the relative convenience of the parties is a relevant factor, I do not believe that it weighs so heavily in favor of defendants as to warrant a transfer. The fourth alleged witness, Hasem Al Bassam, is identified by name, but defendants do not explain what his testimony would relate to, or why it would be important.

In addition, given the nature of this action, it seems likely that much of the discovery and proof would involve documentary evidence rather than live testimony. In "the age of cell phones, email, and fax machines," *United States v. Coriaty,* No. 99–CR–1251, 2000 WL 1099920, at *3 (S.D.N.Y. Aug. 7, 2000), it is unlikely that litigating this action in New York would be as difficult for defendants as they suggest.

Finally, although at some point it may become necessary for defendants to travel to Monroe County, that should not impose a crushing burden on defendants. Its weather notwithstanding, Rochester is not Siberia, and is easily accessible from Chicago by air or other means. *See Carnival Cruise Lines v. Shute,* 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (observing that Florida, the venue required under a forum selection clause, was "not a remote alien forum").[1] In short,

---

1. I also note that defendants' attorney is from New York City. While defendants are certain-

ly free to use counsel from any city they choose, this indicates that having to commu-

then, although this action certainly *could* have been brought in Illinois, after weighing the relevant factors, I conclude that defendants have not made enough of a showing to overcome plaintiff's choice of forum.

## CONCLUSION

Defendants' motions to transfer this action to the Northern District of Illinois (Docket # 7 and # 12) are denied.

IT IS SO ORDERED.

nicate between Chicago and New York is not a particularly onerous burden on defendants.